**214**

May. 1840.

The Bank
of Monroe
v.
A. M. Scher-
merhorn and
others.
The Albany
City Bank
v.
the same.

## THE BANK OF MONROE *vs.* A. M. SCHERMERHORN and others.

## THE ALBANY CITY BANK *vs.* the same.

When a creditor's bill has been filed, a receiver will be oppointed before answer, upon due notice, to collect the debts and take care of the property, for the benefit of all parties and to abide the event of the suit, and this will be done even though there is an assignment of the property by the judgment debtor, if an injunction has gone against the assignee restraining him from acting. This is done for the preservation of the property, and to save it from loss and sacrifice, for the benefit of the party who may be eventually decided to be entitled to it.

A judgment debtor resided in Monroe county, where his property principally was ; he left Monroe county about the time of filing the creditor's bill, and went to New York, where he took up his residence, leaving his family in Monroe county. *Held* that it should be referred to a master in Monroe county to appoint a receiver upon his property, and not to a master in New York, where the present residence of the defendant was.

THESE are creditors' bills against the defendant, Abraham M. Schermerhorn, as judgment debtor, and against the defendant Bishop, as assignee of the judgment debtor. Injunction had been allowed against the judgment debtor and his assignees. The defendants had appeared but had yet put in no answer, the time for answering not having yet expired. Motions are made in both cases for a receiver upon notice to the defendants' solicitor. No affidavits on the part of the defendants are read, except affidavits to show that the defendant A. M. Schemerhorn has now his actual residence in the city of New York, though his family still reside in Rochester, Monroe county.

*G. H. Mumford,* for complainants.

*W. S. Bishop,* for defendants.

May. 1840.

The Bank
of Monroe
v.
A. M. Scher-
merhorn and
others.

The Albany
City Bank
v.
the same.

THE VICE CHANCELLOR. It would seem to be the duty of the complainants in a creditors bill, after obtaining an injunction restraining the disposition by the defendant of his property or the collection of his debts, to apply to the court early; and obtain the appointment of a receiver or to make some other provision for the collection of the debts, and the preservation of the property. Osborn vs. Heyer, 2 Paige, 342. This seems to me but reasonable, the injunction restrains the defendant from the collection of his debts, and from the disposition of his property. It does not vest in the complainant the right to do either, consequently in a long litigation, the debts may become worthless, and the property he sacrificed, unless some mode is adopted to secure it for the benefit of the prevailing party in the litigation. The appointment of a receiver is the ordinary mode, and a convenient one. The Chancellor says in Bloodgood vs. Clark, 4 Paige, 577, that in cases of creditors' bills where an injunction has been allowed, it seems to be almost a matter of course to appoint a receiver to collect and preserve the property pending the litigation; and this will be done before the answer comes in, even though the defendant has appeared unless there is some good reason given in opposition to the application for a receiver.

The defendants' counsel insists that this rule applies only to the case when the judgment debtor is the sole defendant, and cannot reach assignees of the judgment debtor. It seems to me that the reason of the rule applies in the one case, as well as the other.

May. 1840.

The Bank
of Monroe
v.
A. M. Scher-
merhorn and
others.
The Albany
City Bank
v.
the same.

Here an injunction has gone as well against the assignees, as the judgment debtor. Both are restrained from disposing of the property, or collecting the debts. This promises to be a long litigation, and if some person is not authorised to take charge of the property it may be fairly presumed that there will be a loss; an assignee in trust for creditors is but a trustee of the fund, a receiver is the same, and nothing more; and it certainly should not be urged that a receiver appointed by this court, will not be as faithful a trustee as the assignee appointed by the debtor, especially as the receiver gives security for the performance of his trust and the assignee does not. The settlement of this question, i. e. the appointment of a receiver, does not settle the rights of the parties to the fund. That will remain under the control of the court to abide the final event of the litigation. The defendants again say that the time has not elapsed for them to answer, and that no receiver should be appointed until their side of the case has been heard, or until there was a default against them. It seems to me this reasoning is inconclusive. They are restrained from interfering with the property, and debts may be lost before their answer comes in. The bill makes out a *prima facie* case for a receiver. There is no sufficient opposition to it in the papers already presented by the defendant, and the complainants must take their motion.

It has also been urged that inasmuch as the judgment debtor now resides in the city of New York, a reference must be made to a master in that city, and a receiver there be appointed.

I apprehend the court have this matter entirely under their discretion, and that they will exercise that

discretion for the best interests of the property. In June, 1840. this case, the judgment debtor resided in Monroe county at the time of the issuing and return of the execution. His family now live there. It is to be assumed that his property and assets are principally there ; indeed, I may perhaps take personal know-ledge aside from the papers, that such is the fact. The judgment debtor went to the city of New-York about the time of filing this bill, without any inten-tion at the time of remaining there ; but has since remained there and gone into business, leaving his family still in Monroe county. His after acquired assets are not bound by the injunction. Under such circumstances, it seems plain that the receiver should be in Monroe county. It seems clear that the in-terests of the estate bound up by the injunction, re-quire that this should be the case. It is accordingly referred to a Master residing in Monroe county, to make the usual appointment of a receiver in these two causes.(*a*)

(*a*) The decision in these causes was affirmed on appeal to the Chancellor.