HOWARD M. WITBECK and Others, Appellants, *v.* THE NIAGARA, LOCKPORT AND ONTARIO POWER COMPANY and Others, Defendants, Impleaded with LOCKPORT LIGHT, HEAT AND POWER COMPANY, Respondent.

Fourth Department, November 11, 1925.

Injunctions — action to restrain electric power companies from abrogating certain contracts and making new contracts which will raise rates — temporary injunction was granted on security —respondent not enjoined asks security to it — court may, under special circumstances, extend security to party not enjoined — respondent presents no facts to show loss if injunction is continued — plaintiffs not required to give security to respondent.

In an action to restrain electric power companies from abrogating certain contracts in which plaintiffs have an interest, and substituting therefor other contracts, the effect of which will be to impose higher rates on the plaintiffs, in which a temporary injunction was granted upon condition that the plaintiffs give an undertaking to indemnify certain of the defendants, the respondent, who is not enjoined is not entitled to an order compelling the plaintiffs to give an undertaking indemnifying it against loss, for, while the court has the power under special circumstances to compel the plaintiffs to give security to one not enjoined,

it will not exercise that power except in a clear case, and, since the respondent has not shown by its affidavits that it will suffer loss by the continuance of the injunction, through its inability to procure electric power sufficient to supply its customers, the plaintiffs will not be required to give an undertaking to indemnify it against loss that may arise by reason of the continuance of the temporary injunction.

APPEAL by the plaintiffs, Howard M. Witbeck and others, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 15th day of April, 1925, requiring plaintiffs to give an undertaking to the defendant Lockport Light, Heat and Power Company, conditioned to pay such damages, not exceeding the sum of $15,000, as said defendant might sustain by reason of an injunction granted in the action.

*Hopkins & Brim* [*Abner T. Hopkins* and *Frank Irvine* of counsel], for the appellants.

*Storrs & Storrs* [*William W. Storrs* of counsel], for the respondent.

DAVIS, J.:

It is alleged in substance in the complaint that the defendants Niagara, Lockport and Ontario Power Company and International Power and Transmission Company propose to abrogate certain contracts for furnishing electric current, in which contracts plaintiffs have an interest, and to substitute therefor another contract in which certain other defendants are interested. This latter contract, it is claimed, is more favorable to the power and lighting corporations but will impose higher rates on plaintiffs. A temporary injunction order restraining these corporations from putting their plan into effect was granted at Special Term and affirmed by this court. (See *Witbeck* v. *Niagara, Lockport & Ontario Power Co.*, 213 App. Div. 853.)

The order provided that the plaintiffs should give an undertaking of $15,000 to indemnify certain of the defendants. The defendant Lockport Light, Heat and Power Company was not enjoined by that order, but it claims that it will suffer loss by reason of the injunction and has obtained an order at Special Term requiring plaintiffs to give an undertaking of $15,000 to indemnify it.

We have no doubt that the Supreme Court has authority to impose reasonable terms and conditions on a party seeking the drastic remedy of injunction, to the end that parties whether actually enjoined or not may be protected from loss or unwarranted interference with their rights. Such authority does not depend alone upon the statute regulating security in such cases (Civ. Prac. Act, § 819), but it is a necessary and incidental power residing

in the court in the exercise of its control over actions and suitors. It is an inherent power essential to enable courts to function properly and do justice between parties. (*Landers* v. *Fisher*, 24 Hun, 648; *Lowber* v. *Mayor, etc., of New York*, 26 Barb. 262; *Russell* v. *Farley*, 105 U. S. 433, 438–442.)

An application for an injunction is always addressed to the sound discretion of the court. Even before the adoption of any statute requiring an undertaking, it was customary for courts in proper cases to require a plaintiff to give a bond, or to adopt other measures and safeguards to protect a defendant from loss and injury. These conditions were imposed as terms upon which the order might be granted. On motion an order once granted may be suspended, dissolved or modified as justice requires, either at Special Term or on appeal. (*Osborn* v. *Heyer*, 2 Paige, 342; *Kings County Lighting Co.* v. *Lewis*, 104 Misc. 157; *Matter of Arkansas R. R. Rates*, 168 Fed. 720; *Hawke* v. *Hawke*, 74 Hun, 370; 32 C. J. 431, 433.)

On the other hand, on such motion the court may allow the injunction to stand on new and additional conditions or terms imposed on plaintiff. A party may move to vacate the injunction where his interests are seriously affected, although he is not enjoined; and the order may be vacated or may be continued on conditions, such as the giving of an undertaking for his benefit. (*Landers* v. *Fisher, supra; American Exchange Nat. Bank* v. *Goubert*, 135 App. Div. 371, 373. See, also, Joyce Inj. §§ 161, 171.)

But to impose such terms and cause expense and inconvenience to a plaintiff seeking a remedy, the courts must be reasonably certain that a genuine danger exists and injustice may follow denial of the application. A state of affairs is unusual where a party not restrained by the injunction order is likely to suffer loss or be greatly inconvenienced. The court should be satisfied that the application is not merely a move in a game being played to harass a party struggling against difficulties to maintain his rights.

Here the learned justice at Special Term frankly said in a memorandum made after argument that he was unable to see how this moving party could possibly suffer any damages through the injunction heretofore granted. We share those doubts after hearing full argument and an examination of the record. The contract in force is one by which the parties have been governed for many years. The answer of the respondent alleges that the new proposed contract is desirable and proper and has provided " a period of repose, and as securing to the public utilities engaged in business in the city of Lockport an increased amount of power for a definite

period of time." Although the complaint among other things demands relief by injunction, there is no claim in the answer that great misfortunes will befall defendant pending the trial of the action.

On this motion the only affidavit presented by defendant was that of its attorney, who is also a vice-president and a director of the company. He does not claim to be an executive in control of the business or to have any special knowledge concerning it except that gained by participating in negotiating the new contract, and in litigations. It is admitted that the corporation produces a part of its own electric current, and has a contract still in force with the defendant Niagara Company. It is claimed that it has no source now available from which additional power can be obtained except from the Niagara Company, and that additional power is needed to supply its customers and to enable it to make contracts with new customers, and that it will thereby suffer loss. We deem these statements largely conclusions unsupported by sufficient facts to sustain them. Defendant has failed to establish by the affidavits of officers in direct control of the business that its resources of production and purchase of electric current have been exhausted. It maintains a power plant of its own. It has a contract for power supply. It would seem possible that a temporary arrangement might be made for additional power, if needed, pending the outcome of the litigation. Defendant does not fully meet and controvert these obvious facts, in its claim of inability to supply properly the needs of present and prospective customers.

We are, therefore, of opinion that the respondent has not made a sufficiently strong case so that it may ask the court to intervene with a discretionary power so rarely exercised and impose on the plaintiffs further onerous terms restrictive of their efforts to carry on the litigation.

The order should be reversed, with ten dollars costs, and the motion denied, with ten dollars costs.

HUBBS, P. J., CROUCH and TAYLOR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.