LOUIS J. SIGL, INC., and Another, Respondents, *v.* JAMES J. BRESNAHAN, Appellant.

Fourth Department, May 5, 1926.

Malicious prosecution — civil suit — action to recover for malicious prosecution of suit for injunction restraining board of education of city of Buffalo from permitting plaintiffs to proceed with construction contract — contract was awarded to corporation plaintiff — individual plaintiff owned ninety-eight per cent of stock of corporation plaintiff — temporary injunction was vacated and later injunction action was discontinued by stipulation — civil suit was not terminated by compromise — individual plaintiff has no cause of action — though injunction order was directed to board of education it effectively stopped corporation plaintiff's work — corporation plaintiff was party to injunction action, having been brought in on stipulation.

An action for malicious prosecution of a civil suit is maintainable where malice is shown and where it appears that the civil action has been terminated unfavorably to the plaintiff therein, and that the termination was not brought about by compromise or inducement offered by plaintiff.

Accordingly, the corporation plaintiff herein had the right to maintain this action for malicious prosecution against the defendant, since it appears that the defendant instituted an injunction action in which a temporary injunction was granted restraining the board of education of the city of Buffalo from permitting the corporation plaintiff from continuing work on a school construction contract; that said injunction action was instituted maliciously and with intent to injure the corporation plaintiff and with the knowledge on the part of the defendant herein that he had no just or probable cause of action in which an injunction could be granted; that the temporary injunction granted therein was vacated by the court and a decision rendered in favor of the plaintiffs herein; and that

thereafter the action for an injunction was discontinued upon the stipulation of all the parties to that proceeding.

The injunction action was brought to an end unfavorably to the plaintiff therein and although terminated by stipulation, it was not terminated by compromise or inducement offered by the plaintiff therein, but in recognition by the plaintiff therein of the fact that the decision on the motion to continue the temporary injunction determined that he had no cause of action.

The individual plaintiff herein who owned ninety-eight per cent of the corporate stock of the corporation plaintiff has no cause of action against the defendant, for the school contract was let to the corporation plaintiff, and the mere fact that the individual plaintiff is the owner of ninety-eight per cent of the stock of the corporation plaintiff does not give him the right to maintain this action.

The contention by the defendant herein that the injunction was directed only to the board of education and restrained them alone from permitting the construction work to proceed, and that there was no injunction against the plaintiffs herein, is without merit, since, while the order was directed to the board of education it effectively prevented the plaintiffs herein from continuing their work.

The contention that the corporation plaintiff was not a party to the prior action cannot be sustained, since it appears that while that action was commenced against the individual plaintiff herein, the corporation plaintiff was, prior to the decision therein, brought in as a party plaintiff on the stipulation of the parties.

DAVIS, J., dissents in part.

APPEAL by the defendant, James J. Bresnahan, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 4th day of February, 1926, denying defendant's motion to dismiss the complaint as to each plaintiff, or, in the alternative, to compel the plaintiffs to separately state and number the causes of action in favor of each plaintiff.

*John W. Ryan,* for the appellant.

*Frederick F. Grotz,* for the respondents.

SEARS, J.   The defendant has moved to dismiss the plaintiffs' complaint on the ground that it failed to state facts sufficient to constitute a cause of action in favor of either plaintiff, or in the alternative to require plaintiff to serve an amended complaint separately stating and numbering the causes of action in favor of each plaintiff.   The motion has been denied with leave to defendant to serve an answer within twenty days from service of said order upon defendant's attorney.

The complaint discloses these facts:   The corporation plaintiff was the successful bidder for the construction of certain additions and alterations to a public school in the city of Buffalo, and on May 15, 1924, the board of education of the city of Buffalo entered into a written contract with the corporation plaintiff for the performance of the work, which was thereupon begun.   The individ-

ual plaintiff is the owner of ninety-eight per cent of the corporate stock of the corporation plaintiff, is its president and treasurer, and personally manages the business of the corporation.

On the 6th day of June, 1924, the defendant applied to a justice of the Supreme Court for a temporary injunction in an action in which the present defendant was the plaintiff, and in which the defendant was designated as " Louis J. Sigl." The temporary injunction was granted, and according to the complaint, the order enjoined and restrained the plaintiffs, and the board of education of the city of Buffalo, and the individual members thereof constituting the said board of education, and its and their officers, agents, servants, employees and successors from " permitting or allowing said defendant Louis J. Sigl [i. e., defendant in the action for the injunction], his agents, servants, employees, and anyone acting for, through or under him or them from entering in or upon the premises of said Elementary School No. 63, or the Additions or Alterations thereof; permitting or allowing said defendant Sigl [i. e., defendant in the action for the injunction], his agents, servants, employees, and anyone acting for, through or under him or them, from furnishing any material or performing any work under or pursuant to the aforesaid contract made by said Board with said Sigl for said heating and ventilating of said Addition and Alteration to said School; paying or certifying, approving or recommending for payment, any money, or anything, to said Sigl, his agents, assigns or anyone else, for or on account of any material furnished, or to be furnished, or work or labor performed or to be performed under or pursuant to the aforesaid contract; and pending the hearing and final determination of this action that the aforementioned defendants Board of Education of the City of Buffalo, and Fuhrmann, Hill, Felton, Roblin and Zimmerman [the individual members of the board of education] and their officers, agents, servants, employees and successors be and each of them is enjoined and restrained as aforesaid."

The complaint in the action for the injunction contained the allegation that the present defendant had been the lowest bidder for the work covered by the contract which had been in fact awarded to the corporation plaintiff. This allegation was false and was known to defendant to be false when made and was made solely for the purpose of securing the injunction. The statement was made maliciously and with intent to injure the plaintiffs here, and the defendant at the time he obtained the injunction well knew that he had no just or probable cause of action against these plaintiffs or the board of education of the city of Buffalo. The injunction order was served on Louis J. Sigl on the sixth day of June, and no

work on the contract was performed from that date until after the sixteenth day of June, on which day the matter came before the Special Term upon a motion for the continuance of the injunction. At the hearing on that day the fact was adduced that Louis J. Sigl, Inc., and not Louis J. Sigl individually was the successful bidder, and counsel for the defendant Bresnahan then asked for permission to add the name of Louis J. Sigl, Inc., " as party defendant to the said injunction," and it was thereupon so stipulated by the attorneys for all parties appearing at the hearing.

After hearing all parties interested, including the present plaintiffs and defendant, the court vacated the injunction previously granted, and rendered decision in favor of these plaintiffs on the motion for the continuance of the injunction, and thereafter, and shortly prior to July 26, 1924, the action for an injunction was discontinued upon the stipulation of " all the parties to said injunction proceeding."

The allegations of damages to the plaintiffs relate to consequences of enforced delay in performing the work during the continuance of the injunction and to expense for counsel fees growing out of the issuance of the injunction.

It is well settled that an action will lie for the malicious prosecution of a civil suit without probable cause, where the person or property of the defendant in such civil suit is interfered with, as in the case of an arrest, an attachment or an injunction. (*Burt* v. *Smith,* 181 N. Y. 1.)

In actions of this character arising out of criminal prosecutions, a final determination on the merits favorable to the plaintiff, or at least a termination without an adjudication against the plaintiff in some way chargeable to the complainant, is a necessary condition precedent to the maintenance of the action. (*Halberstadt* v. *N. Y. Life Ins. Co.,* 194 N. Y. 1.) In cases arising out of civil actions the rule is similar. The civil action must be at an end. It must not have terminated unfavorably to the plaintiff. Its termination must not have been brought about by compromise or inducement offered by the plaintiff. (*McNair* v. *Maijgren,* 181 App. Div. 272; *Smith* v. *Smith,* 26 Hun, 573; *Cardival* v. *Smith,* 109 Mass. 158; *Burhans* v. *Sanford,* 19 Wend. 417; 2 L. R. A. [N. S.] 947, note.) Although in the present case the plaintiff consented to the discontinuance, it does not appear that he induced it, or that a compromise was effected. The temporary injunction was first vacated after a full hearing, and a further injunction denied. There followed a discontinuance by stipulation. Such voluntary discontinuance was *prima facie* an acquiescence by the plaintiff in the previous adverse decision on the temporary

injunction. The allegations of the complaint sufficiently meet the requirements relating to the termination of the civil action. The defendant does not seem to question the sufficiency of the complaint in this respect.

As to the individual plaintiff, the complaint fails to disclose that any contract or property of his was interfered with by the injunction. The school contract was let to Louis J. Sigl, Inc., of which he was the largest stockholder. His ownership of ninety-eight per cent of its stock, however, gave him no direct or derivative right to sue. (*Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 119; *People* v. *American Bell Telephone Co.*, 117 id. 241; *Brock* v. *Poor*, 216 id. 387.) As a stockholder the individual plaintiff will ultimately share in any recovery of the plaintiff corporation.

The complaint alleges that the plaintiffs were damaged by " loss of materials owned by the plaintiffs and stolen or destroyed from and on " the school premises during the pendency of the injunction; by loss of materials abandoned to the contractor; by loss occasioned by employment of extra labor to complete the school contract on time; by loss occasioned by the necessity to make hurried purchases to complete the contract on time; by loss caused plaintiff corporation by idleness of its plant, and by loss in expenses for counsel. Except as it might be inferred from these statements that the individual plaintiff himself owned some interest in the material, plant or property to be used on the school, the complaint is silent as to any such interest, and taking the pleading as a whole, it fairly appears that all the material, plant and property belonged to the corporation to the exclusion of the individual plaintiff. The loose phrases in the allegations of damages should be construed as relating to rights of the individual plaintiff as a stockholder of the corporation. As to the individual plaintiff, therefore, no cause of action is alleged. (*Paul* v. *Fargo*, 84 App. Div. 9; *Breckheimer* v. *Loew*, 168 id. 956; *Willard* v. *Holmes, Booth & Haydens*, 142 N. Y. 492; *Burt* v. *Smith, supra.*)

The situation is different as to the corporation plaintiff. Malice, want of probable cause, termination of action and damages are adequately pleaded. It is urged by the appellant that the order .s directed only to the board of education, its members, agents and employees, and restrains them alone from permitting the doing of work upon the contract. Such order, however, necessarily prevented the contractor as well from proceeding to perform the contract. We must look to the result of the restraining order, rather than to its letter. Thus considered the contractor as well as the board of education was effectively restrained. (*Landers* v. *Fisher*, 24 Hun, 648; *Witbeck* v. *Niagara, L. & O. P. Co.*, 214 App. Div. 371.)

In considering the effect of the injunction, it is unimportant that the summons and complaint in the injunction suit named as defendant " Louis J. Sigl," instead of " Louis J. Sigl, Inc." The injunction order was sufficiently definite to prevent work upon the contract which had actually been let to Louis J. Sigl, Inc.

It is also urged that the corporation plaintiff was not a party to the prior action. Whatever the condition of the litigation in that respect may have been before the hearing of the motion to continue the injunction on June 16, 1924, an amendment was then allowed so as to include the corporation plaintiff as a party to the pending injunction proceeding. The parties, including the present defendant, at that time recognized that it was the corporation against whom the present defendant was then proceeding, and thereupon treated the action as having been so intended. We cannot give countenance to an argument based upon the previous condition of the suit in view of the amendment by stipulation of all parties interested.

The complaint, therefore, must be deemed sufficient as to the corporation plaintiff.

The order should be reversed so far as it denied the motion to dismiss the complaint as to the individual plaintiff, and the motion should be granted as to him, and otherwise the order should be affirmed, without costs.

HUBBS, P. J., CROUCH and TAYLOR, JJ., concur; DAVIS, J., dissents in part and votes for affirmance.

Order reversed as to individual plaintiff and motion granted as to him, and otherwise the order is affirmed, without costs of this appeal to either party.