Donald S. Taylor, J.
Plaintiffs, Hyde as the owner of a past-due note, and Morris and Ortmann as minority stockholders of defendant corporation, sue for an injunction restraining defend *376 ant corporation and the individual defendant, as president, from consummating a contract of sale of the corporation’s real property. Correlative relief is also sought. The defendants have moved to dismiss the complaint pursuant to certain of the Rules of Civil Practice. The plaintiffs have cross-moved for a temporary injunction.
Only defendants’ motion pursuant to subdivision 4 of rule 106 to dismiss the complaint for legal insufficiency need be considered.
It is unnecessary to recite in detail the allegations of the complaint since it is clear therefrom that, at best, plaintiffs have alleged an action for waste and breach of a fiduciary duty. Waste, mismanagement and interference with the corporation’s business are wrongs only to the corporation and must be redressed by means of a suit by, or in behalf of, the corporation. According every fair intendment and inference to the facts alleged in the complaint, they give rise to an action which is derivative in character and is not available to the stockholders as individuals. (Belojf v. Consolidated Edison Co. of N. Y., 300 N. Y. 11, 18; Isaac v. Marcus, 258 N. Y. 257, 264; Niles v. New York Cent. & Hudson Riv. R. R. Co., 176 N. Y. 119; Myer v. Myer, 271 App. Div. 465, 473-474, affd. 296 N. Y. 979; Paulson v. Margolis, 234 App. Div. 496; Sigl, Inc. v. Bresnahan, 216 App. Div. 634, 638; November v. National Exhibition Co., 10 Misc 2d 537, 541; Manowits v. Colorado Min. Corp., 135 N. Y. S. 2d 714; General Corporation Law, § 61.)
Until judgment has been obtained and execution returned unsatisfied, no cause of action under either section 60 of the General Corporation Law or section 15 of the Stock Corporation Law accrued to plaintiff Hyde. (Buttles v. Smith, 281 N. Y. 226.) Likewise, the allegations of the complaint are wholly insufficient to bring it, as to her, within the provisions of article 10 of the Debtor and Creditor Law.
Accordingly, the motion to dismiss is granted with leave to the plaintiffs to serve an amended complaint, if so advised, within 20 days after service upon their attorney of a copy of the order to be entered hereon with notice of entry thereof.
The cross motion of the plaintiffs is denied and the lis pendens heretofore filed in the action is cancelled and discharged. (Gross v. Price, 283 App. Div. 1107.)
Submit order.
The papers will go forward with the signed order.