■ MARCUS L. PUTNAM et al., Respondents, v. OTSEGO MUTUAL FIRE INSURANCE COMPANY, Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered May 15, 1972 in Schoharie County, upon a decision of the court at a Trial Term, without a jury. During a pretrial conference, the parties submitted the controversy to the Trial Justice for resolution of the questions of law, no party waiving any triable issue of fact or a trial of any such issue of fact that might have been presented. No affidavits such as usually presented upon a motion for summary judgment or any formal agreed statement of facts were submitted to the court, except the pleadings and certain exhibits. On July 1, 1970, plaintiffs' farm barn was destroyed by fire, at which time the total fire insurance in effect on said structure was $75,000. Defendant is one of several insurance carriers that insured against the loss, the amount of insurance varying with each company and the limit of defendant's coverage being $15,000. Following the fire, all of the companies, except one, retained James Van Deusen of the Southern New York Claim Service to represent them in the investigation and adjustment of the loss sustained by plaintiffs. On July 6, 1970, Van Deusen, on behalf of defendant, entered into a nonwaiver agreement with plaintiffs which provided that the insurer's investigation and ascertainment of the loss and damage " shall not waive or invalidate any of the terms or conditions of [the policy] * * * and shall not waive or invalidate any rights

whatever of either of the parties to this agreement." Subsequently, after a series of negotiations, plaintiffs agreed to accept $67,000, and Van Deusen agreed on behalf of the companies to pay that amount in full settlement of plaintiffs' loss. He also apportioned the respective payments among the carriers, defendant's share being $13,400. The other companies paid the share assigned them. The policy issued by defendant, unlike those issued by the other companies, contained a " Deferred Loss Payment" clause which provided, in substance, that in the event of a loss to farm barns and outbuildings, defendant would withhold from its initial payment to plaintiffs under the policy any sum in excess of 60% of the amount of insurance on the barn, which payment would constitute a full and final settlement with respect to the loss unless plaintiffs were to repair or replace the building sustaining the loss for the same use and occupancy within 12 months from the date of the loss. Relying on the provisions of this clause, defendant tendered a check to plaintiffs for $8,040, which was refused, representing 60% of its agreed share. Defendant's contention is that plaintiffs were bound by the deferred payment clause by reason of the aforesaid nonwaiver agreement. Plaintiffs commenced suit on the alleged compromise and settlement agreement and were awarded summary judgment, the court finding, as a matter of law, that the parties had entered into a compromise and settlement agreement which did not include the deferred payment clause. A compromise and settlement is an agreement or arrangement by which, in consideration of mutual concessions, a controversy is terminated (8 N. Y. Jur., Compromise and Settlement, § 1, p. 220). Its effect is to substitute the mutual promises contained in that agreement for the obligations contained in, or arising out of, the subject matter of the controversy (*Gaffey* v. *St. Paul Fire & Marine Ins. Co.*, 221 N. Y. 113). Whether a compromise and settlement agreement has been made depends upon the intention of the parties as objectively manifested (*Goldbard* v. *Empire State Mut. Life Ins. Co.*, 5 A D 2d 230). The proof offered by the parties herein, including the deferred loss payment clause, the nonwaiver agreement, the proof of loss statement, and correspondence between Van Deusen and defendant, permits conflicting inferences as to the intent of the parties with respect to the alleged compromise and settlement. According to the record, the sworn statement in proof of loss executed by plaintiffs contains the following: " The Amount Claimed under the above numbered policy is......$13,400. 8,040." Plaintiffs' brief states that the 8,040 figure (the amount tendered by defendant) was not on the proof of loss when signed but no evidentiary proof is submitted in support of said assertion. Although said portion of the loss statement and the nonwaiver agreement indicate that the parties intended to preserve their rights under the policy, the correspondence between defendant and its agent and between the agent and plaintiffs indicate that the parties intended to settle their dispute outside the terms of the policy. Consequently, on the present record there is a conflict concerning the intention of the parties and, since the parties did not waive their right to a resolution of questions of fact by a jury or the court sitting without a jury, judgment should not have been granted (cf. *Falk* v. *Goodman*, 7 N Y 2d 87, 91). Judgment reversed, on the law and the facts, without costs, and without prejudice to an application by plaintiffs or defendant for summary judgment on proper papers, should they be so advised. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.