L. B. WATSON CO., A/C MURPHY REIR, INC. *v.* UNITED STATES

Court No. 67/9660

(Dated April 7, 1975)

*Stein and Shostak* (*James F. O'Hara* of counsel) for the plaintiff.
*Irving Jaffe,* Acting Assistant Attorney General (*John A. Gussow,* trial attorney), for the defendant.

MALETZ, Judge: This case which comes before the court on plaintiff's motion for summary judgment involves the dutiable status of articles described on the invoices as VNC 200 (Randy Reindeer), VNC 301 (Standing Santa 24''), and MR 33 (26'' Roly Poly Santa). The articles which were imported from Japan and entered at the port of Los Angeles were classified by the district director of customs under item 737.40 of the Tariff Schedules of the United States as other toy figures of animate objects (except dolls), not having a spring mechanism, not stuffed, and not wholly or almost wholly of metal, and assessed with duty at the rate of 35 percent.

Plaintiff claims that the importations are properly classifiable under item 772.97 as other Christmas ornaments of rubber or plastics and thus dutiable at the rate of 17 percent.

In support of its claim, plaintiff contends that the merchandise here in issue is similar in all material respects to the merchandise in issue in *Davis Products, Inc., Frank M. Chichester* v. *United States,* 59 Cust. Ct. 226, C.D. 3127 (1967). In that case, certain inflatable vinyl reindeer and Santa Claus sets were classified by the government under paragraph 1513 of the Tariff Act of 1930, as modified, as other toys not specially provided for, and assessed with duty at the rate of 35 percent. The court held, however, that as claimed by plaintiffs, the importations were primarily marketed, sold and used as articles of Christmas display and not as toys, and were therefore properly classifiable by similitude to manufactures of rubber under paragraph 1537(b) of the 1930 Tariff Act, as modified, and thus dutiable at the rate of 12½ percent.

Against this background, the single issue with respect to the pending motion is whether or not the imported articles involved in the present

case are similar in all material respects to the inflatable vinyl reindeer and Santa Claus sets involved in the *Davis* case. As to this, it is to be noted that a sample of the importations here in question has not been offered. However, plaintiff insists that the affidavit of one Sidney L. Friedlander establishes the necessary similarity; that in this circumstance, no genuine issue of material fact remains for trial; and that accordingly, motion for summary judgment should be granted.

To the extent relevant, Friedlander's affidavit is to the following effect:

1. That he is the same Sidney L. Friedlander who testified in the *Davis* case, *supra;*
2. That he is personally familiar with the Christmas inflatable articles selected, purchased and sold by Davis Products, and that he is likewise familiar with the articles involved in the present case;
3. That the articles at issue in this case "are similar in construction and use to the items previously imported by Davis Products, Inc." which were before the court in the *Davis* case.

Considering now the applicable legal principles, while it is not necessary for plaintiff to offer a sample of the imported merchandise, it must, however, present adequate evidence to establish the nature and essential characteristics of the importation. *New York Merchandise Co., Inc.* v. *United States*, 66 Cust. Ct. 69, C.D. 4169 (1971); *W. T. Grant Co.* v. *United States*, 74 Cust. Ct.3, C.D. 4579 (1975). On this aspect, plaintiff relies upon the statement in the Friedlander affidavit that the articles in issue in this case "are similar in construction and use to the items previously imported by Davis Products, Inc. * * *." This statement, however, provides no factual information which would enable the court to determine the essential characteristics of the imported merchandise. Simply stated, plaintiff has provided no information concerning the particular qualities of the importations which are necessary for determination of this action. In sum, the court is totally uninformed about the imported merchandise lacking as it does such necessary information as the appearance and expression of the figures, the existence or non-existence of fastening tabs, the gauge of the vinyl, etc. See *Davis Products, Inc., Frank M. Chichester* v. *United States, supra,* 59 Cust. Ct. at 228–9; *New York Merchandise Co., Inc.* v. *United States, supra,* 66 Cust. Ct. at 74–7.

For the foregoing reasons, plaintiff's motion for summary judgment is hereby denied.