L. B. WATSON CO., A/C MURPHY REIR, INC. *v.* UNITED STATES

Court No. 67/9660

(Dated September 23, 1975)

*Stein & Shostak* (*Martin H. Wegman* of counsel) for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*John A. Gussow,* trial attorney), for the defendant.

MALETZ, Judge: This case—which comes before the court on a second motion by plaintiff for summary judgment—involves the dutiable status of articles described on the invoices as VNC 200 (Randy Reindeer), VNC 301 (Standing Santa 24″), and MR 33 (26″ Roly Poly Santa). The articles were classified by customs under item 737.40 of the tariff schedules as other toy figures of animate objects (except dolls), not having a spring mechanism, not stuffed, and not wholly or almost wholly of metal, and assessed with duty at the rate of 35 percent.

Plaintiff claims that the importations are properly classifiable under item 772.97 as other Christmas ornaments of rubber or plastics and thus dutiable at the rate of 17 percent. In support of its claim, plaintiff contends that the merchandise in issue is similar in all material respects to the merchandise in issue in *Davis Products, Inc., Frank M. Chichester* v. *United States,* 59 Cust. Ct. 226, C.D. 3127 (1967). In that case, certain inflatable vinyl reindeer and Santa Claus sets were classified by the government under paragraph 1513 of the Tariff Act of 1930, as modified, as other toys not specially provided for, and assessed with duty at the rate of 35 percent. The court held, however, that as claimed by plaintiffs, the importations were primarily marketed, sold and used as articles of Christmas display and not as toys, and were therefore properly classifiable by similitude to manufactures of rubber under paragraph 1537(b) of the 1930 Tariff Act, as modified, and thus dutiable at the rate of 12½ percent.

Against this background, the single issue here—as in plaintiff's first motion for summary judgment—is whether or not the imported

articles involved in the present case are similar in all material respects to the inflatable vinyl reindeer and Santa Claus sets involved in the *Davis* case.

As to this, it is to be noted that no sample of any of the importations in question has been offered by plaintiff to support either this or the prior motion. Instead, plaintiff here relies *in toto* upon an affidavit of one Sidney L. Friedlander to supplement a previous affidavit by Mr. Friedlander that was the sole basis for plaintiff's first motion for summary judgment. It is to be added that this first motion was denied by the court on April 7, 1975 in a memorandum opinion and order, 74 Cust. Ct. 193, C.R.D. 75–2, holding that Mr. Friedlander's affidavit was insufficient to prove the necessary similarity. More specifically, Friedlander's previous affidavit, in support of plaintiff's first motion for summary judgment, was to the following effect (74 Cust. Ct. at 194):

1. That he is the same Sidney L. Friedlander who testified in the *Davis* case, *supra*;
2. That he is personally familiar with the Christmas inflatable articles selected, purchased and sold by Davis Products, and that he is likewise familiar with the articles involved in the present case;
3. That the articles at issue in this case "are similar in construction and use to the items previously imported by Davis Products, Inc." which were before the court in the *Davis* case.

As the basis for its decision on the first motion, the court stated (*id.* at 194) that —

* * * [W]hile it is not necessary for plaintiff to offer a sample of the imported merchandise, it must, however, present adequate evidence to establish the nature and essential characteristics of the importation. *New York Merchandise Co., Inc.* v. *United States*, 66 Cust. Ct. 69, C.D. 4169 (1971); *W. T. Grant Co.* v. *United States*, 74 Cust. Ct. 3, C.D. 4579 (1975). On this aspect, plaintiff relies upon the statement in the Friedlander affidavit that the articles in issue in this case "are similar in construction and use to the items previously imported by Davis Products, Inc. * * *." This statement, however, provides no factual information which would enable the court to determine the essential characteristics of the imported merchandise. Simply stated, plaintiff has provided no information concerning the particular qualities of the importations which are necessary for determination of this action. In sum, the court is totally uninformed about the imported merchandise lacking as it does such necessary information as the appearance and expression of the figures, the existence or non-existence of fastening tabs, the gauge of the vinyl, etc. See *Davis Products, Inc., Frank M. Chichester* v. *United States, supra*, 59 Cust. Ct. at 228–9; *New York Merchandise Co., Inc.* v. *United States, supra*, 66 Cust. Ct. at 74–7.

In support of the present motion, plaintiff has submitted a supplemental memorandum by Mr. Friedlander which reads in part:

That, like the Davis Products, Inc. Christmas decorations, the inflatable vinyl Christmas decorations imported by Murphy Reir, Inc. * * *:
1) were made of 10-gauge vinyl, rather than the 8-gauge vinyl usually used in toy items;
2) were made of vinyl having a lower temperature formulation to withstand cold weather;
3) had realistic expressions and proportions;
4) contained fastening tabs as integral features to enable them to be fastened in place on the ground, floor or roof tops;
5) lacked the cartoon and noise-making features usually found in toys.

As indicated previously, no sample has been offered by plaintiff in support of its motion. Nor has plaintiff offered a catalogue description or other identifying document. Further, it is significant that Mr. Friedlander's present affidavit is devoid of any demonstrative evidence as to what the imported merchandise really looks like. For example, while Mr. Friedlander attests that the imported merchandise "had realistic expressions and proportions," it is interesting to compare this essentially subjective assertion of "realism" with the invoice description of the imported merchandise, viz. "Randy Reindeer" and "Roly Poly Santa." By the same token, Mr. Friedlander's assertion that the Randy Reindeer and the Roly Poly Santa lacked cartoon features usually found in toys is not only an essentially subjective characterization, it seems somewhat inconsistent with the invoice descriptions themselves.

In sum, considering that there is no sample, no descriptive literature and that much of Friedlander's affidavit is of a conclusory nature, the court is uninformed about the nature and essential characteristics of the importations. Hence it must be concluded that a genuine issue exists for trial, namely, the identity of the importations in question.

For the foregoing reasons, plaintiff's second motion for summary judgment is hereby denied with prejudice.