■ RONALD D. REED et al., Appellants, v NELSON E. JONES, as Executor of LILLIAN C. HARMELINK, Deceased, et al., Respondents.—Decree unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: On April 14, 1975, the day before trial was scheduled to commence, petitioners made an ex parte application to discontinue their action for specific performance on the merits. They now claim that the court erred in granting their application since they have not executed a stipulation pursuant to CPLR 3217 (subd [a], par 2). Their reliance upon that subdivision, however, is misplaced. We view the discontinuance to have been obtained pursuant to CPLR 3217 (subd [b]), and petitioners may not now, in the circumstances of this case, be allowed to withdraw their application. When no prejudice will result to one's opponents, an application to discontinue may be made ex parte (see 7 Carmody-Wait 2d, NY Prac, Voluntary Discontinuance, § 47.10, pp 366–368). Here, in seeking to discontinue on the merits, petitioners effectively eliminated any ground upon which their opponents may have relied to oppose their application. This discontinuance constitutes a final disposition of petitioners' claim on the merits and is entitled to *res judicata* treatment (see Seigel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3217:13, p 1015; Seigel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3217:15, p 1017). The record is clear that the court accepted and approved the discontinuance on the merits in accordance with CPLR 3217 (subd [b]), even though a formal order was not entered thereon until February 23, 1976. While petitioners' counsel now argues that the discontinuance was ineffective, we note that in his letter of May 28, 1975 he urged its sufficiency as the reason for his refusal to sign a formal stipulation of discontinuance. Nor can petitioners now assert that the discontinuance was not on the merits. While generally a voluntary discontinuance is without prejudice (cf. *Louis R. Shapiro, Inc. v Milspemes Corp.,* 20 AD2d 857), the evidence here is overwhelming that not only did the court accept the discontinuance as on the merits but that petitioners intended it as such when it was approved by the court. The same May 28 letter of petitioners' counsel asserts: "I have discontinued the action for specific performance and * * * that discontinuance is final and 'on the merits' insofar as my right to commence another action for specific performance is concerned." Petitioners' conduct on the eve of trial effectively foreclosed a trial of the merits. To permit their action to continue now would be to allow petitioners to circumvent a prior order of the court that the trial commence on April 15, 1975 (cf. 4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.06). "An efficient court system should not tolerate the casual prosecution of actions and, hence, we shall not encourage the use of the discontinuance device as an adjunct of delay." *(Conklin v Wilbur,* 26 AD2d 666, 667.) Petitioners are correct, however, that judgment should not have been entered against them on the executor's counterpetition. Indeed, following the discontinuance of petitioners' action, the executor did not seek such a judgment, and in those circumstances judgment should not be imposed upon him. He should be left free to preserve and enhance the estate in accordance with his duty, and his faithful adherence to that duty should be carefully observed (cf. SCPA 1807). We are unable to determine from this record what defense, if any, petitioners have to the claim asserted in the executor's counterpetition. Petitioners, however, should be permitted to file a responsive pleading, consistent with the *res judicata* determination on the merits in their specific performance action, for the purpose of asserting any such defense (SCPA 302). (Appeal

from decree of Chautauqua Surrogate's Court—specific performance.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.