Robert Aquilina, Appellant, v Dennis L. O'Connor et al., as Copartners Practicing under the Name of King, Edwards & O'Connor, et al., Respondents, et al., Defendants.

Third Department, December 8, 1977

**APPEARANCES OF COUNSEL**

*Walworth, Harding, Welt & Stockton (Robert S. Stockton* of counsel), for appellant.

*Joseph F. Onorato (William F. McNulty* and *Anthony J. McNulty* of counsel), for respondents.

**OPINION OF THE COURT**

KANE, J.

Doctor Aquilina, a practicing neurosurgeon in the City of Kingston, was sued in a prior action on a theory of malpractice for damages sustained by one Ronald Glenn Saulters. The doctor was insured by Employers Mutual Liability Insurance Company of Wisconsin (Employers Mutual) for the events which gave rise to that litigation and was defended therein by its attorneys King, Edwards & O'Connor. Since the complaint demanded sums in excess of the insurance coverage, Doctor Aquilina also engaged private counsel to represent him. The plaintiff in that action was the administratrix of the Saulters' estate and, after issue was joined, Doctor Aquilina moved for summary judgment upon the grounds that he had not been the treating physician, only an emergency consultant, and that his diagnosis had been correct and proper. Prior to the argument of this motion, the attorneys for the administratrix indicated a desire to discontinue the action against Doctor Aquilina. His attorneys conferred and agreed to such a discontinuance, but only on the basis that it be "with prejudice" to avoid any possibility of a future action. However, Doctor Aquilina refused to consent to the proposal and told his private attorneys that he "want[ed] a judicial decision on the motion and desire[d] entry of a formal judgment disposing of the case on the merits." This information was conveyed to the

attorneys for Employers Mutual before the motion for summary judgment was argued. Nevertheless, without the knowledge or consent of Doctor Aquilina or his personal attorneys, the administratrix's attorneys and King, Edwards & O'Connor entered into a stipulation of discontinuance of the malpractice action with prejudice and without costs to either party.

Approximately three months later Doctor Aquilina commenced the present action. The complaint asserted three causes of action, with the first two seeking to hold the former plaintiff and her attorneys liable for malicious prosecution and abuse of process. The third cause of action charged defendants Employers Mutual and King, Edwards and O'Connor with a breach of the insurance contract in stipulating for the discontinuance of the malpractice action without his consent and alleged that "as a result of said action * * * [p]laintiff was deprived of having a judicial determination dismissing the [c]omplaint * * * and was deprived of his right to a judicial vindication." Among other things, plaintiff requested damages arising from injury to his professional reputation, expenses in hiring personal counsel, emotional trauma, and impairment of his right to pursue his remedy for abuse of process and malicious prosecution. Employers Mutual and King Edwards & O'Connor moved to dismiss the complaint as to them on the ground that it failed to state a cause of action (CPLR 3211, subd [a], par 7). Special Term granted the motion; an order to that effect was entered; and this appeal ensued.

■ ■ There must be an affirmance. Initially, we would observe that the law recognizes no abstract "right" to have a judicial determination on the facts of any lawsuit. A jurisdictional defect or the violation of a period of limitations, for example, would end an action well short of any pronouncement on the merits of the underlying dispute. So too, any action may be voluntarily discontinued by means of a written stipulation signed by the attorneys of record in accordance with certain statutory procedures (CPLR 3217, subd [a], par 2). Here the administratrix desired to discontinue her suit without obtaining the payment of any consideration from plaintiff and did so under circumstances that terminated her case. Doctor Aquilina possessed no interest that would allow him to insist on further litigation. Whether his insurer and its attorneys breached a contractual obligation in bringing this about without his consent presents a slightly different problem and is, in essence, the paramount issue to be resolved.

Article II (a) of the insuring agreement provided that Employers Mutual would defend claims against the plaintiff for damages relating to his professional services "even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems advisable, provided that *no claim or suit shall be settled or compromised* by the company *except with the written consent of the insured."* (Emphasis supplied.)

As has been suggested, the instant stipulation was effectively the same as a determination on the merits for it precluded the institution of another suit on the same claim *(Reed v Jones,* 57 AD2d 1054). In concluding the former action in this fashion, defendants made no payment or concession to the administratrix in return for the stipulation. This procedure was plainly not a "compromise or settlement" as those terms are commonly construed and understood *(Putnam v Otsego Mut. Fire Ins. Co.,* 41 AD2d 981, mod 45 AD2d 556), and, accordingly, no consent from the plaintiff was required. The intent of the parties is clear and there is no reasonable doubt as to the meaning of the contractual terms they employed *(Brayton v Pappas,* 52 AD2d 187).

Plaintiff also argues that his consent was necessary because a discontinuance with prejudice is not a "favorable termination" sufficient to support a later cause of action by him for malicious prosecution. We reject this theory and the authority cited for it *(Pagliarulo v Pagliarulo,* 30 AD2d 840). Instead, we adhere to what appears to be the more realistic view, as well as the weight of authority; namely, that "[i]n the absence of a compromise or inducement offered by the defendant in the primary action, the voluntary discontinuance by the plaintiff therein is tantamount to a successful termination of such action in favor of the defendant therein" *(Marion Steel Co. v Alderton Dock Yards,* 223 App Div 741; accord, *Levy's Store v Endicott-Johnson Corp.,* 272 NY 155, 162; *Reed v Jones, supra; Louvad Realty Corp. v Anfang,* 267 App Div 567).

Contrary to plaintiff's assertion, Special Term did not treat defendant's motion as one for summary judgment in the absence of adequate notice to him (CPLR 3211, subd [c]). It properly considered the evidence submitted by the parties and correctly decided that, although plaintiff's pleading spelled out a typical breach of contract claim, in reality plaintiff had no cause of action under the facts alleged.

The order should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY and MAHONEY, JJ., concur; LARKIN, J., not taking part.

Order affirmed, without costs.