materiality of the corrected import statistics on the Commission's new determination.

(C.R.D. 80–4)

SHELL OIL CO., PLAINTIFF, v. UNITED STATES, DEFENDANT

Court No. 75–12–03287

(Dated May 6, 1980)

*Shaw and Stedina (Charles P. Deem* on the briefs) for the plaintiff.
*Alice Daniel,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Sheila N. Ziff* on the briefs), for the defendant.

FORD, Judge: This action is before me on cross-motions for summary judgment made pursuant to rule 8.2 of the rules of this court. Defendant has also moved pursuant to rule 4.7(b) of the rules of this court for dismissal of the consolidated action on the ground the court lacks jurisdiction.

The merchandise consists of petroleum products manufactured in the United States by plaintiff and thereafter exported. The primary question presented is whether the exported merchandise, manufactured from acetone and crude wax, is entitled to drawback. In addition, the question of the timeliness of the claims as well as the designation of rates for drawback purposes of the acetone and crude wax is involved. An additional question exists as to whether there are valid grounds for relief under section 520(c)(1) of the Tariff Act of 1930, as amended.

A motion for summary judgment, made pursuant to rule 8.2, which is "ripe" for determination, is premised upon the fact that there is no genuine issue as to any material fact. Plaintiff has set forth 38 paragraphs alleging that no issue of material fact exists, and defendant has set forth 50 paragraphs for the same purpose. Defendant further alleges, but contends it is not material to the decision, a dispute of four paragraphs of plaintiff's statement as to lack of a genuine issue of any material fact. These paragraphs are 15, 18, 26, and 27. Plaintiff disputes seven paragraphs of defendant's statement as to lack of genuine issue of any material fact. They are paragraphs 19, 20, 21, 47, 48, 49, and 50. The court is under no duty to grant summary judgment merely because both parties are under the belief that there are no factual issues to be tried. *C. J. Tower & Sons* v. *United States,* 68 Cust. Ct. 377, C.R.D. 72–11, 343 F. Supp. 1387 (1972); *L. B. Watson* v. *United States,* 75 Cust. Ct. 185, C.R.D. 75–5 (1975).

As indicated, supra, in order for the court to properly entertain a motion for summary judgment, it must be convinced that there are no genuine issues as to any material fact. Aside from the disagreement of the parties with respect to the 11 paragraphs referred to above, the court is of the opinion that other genuine issues of material fact exist, and accordingly the matter is not ripe for summary judgment. *Braniff Airways, Inc.* v. *United States,* 84 Cust. Ct. 11, C.D. 4837 (1980).

Defendant's motion to dismiss for lack of jurisdiction presents, in the opinion of the court, questions which would better be resolved by trial in view of the history of the attempts by plaintiff to obtain a drawback rate.

In view of the foregoing, this action is properly the subject of a trial, and not a motion for summary judgment.

IT IS HEREBY ORDERED that the cross-motions for summary judgment and the motion to dismiss are denied.