Cold Spring Advisory Group, LLC v National Sec. Corp. (2024 NY Slip Op 02273)

Cold Spring Advisory Group, LLC v National Sec. Corp.

2024 NY Slip Op 02273

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Pitt-Burke, JJ. 

Index No. 158387/22 Appeal No. 2151-2152-2153 Case No. 2023-03291, 2023-03746, 2023-03758 

[*1]Cold Spring Advisory Group, LLC, Appellant,
v
National Securities Corporation et al., Respondents.

Steven G. Legum, Mineola, for appellant.
Tarter Krinsky & Drogin LLP, New York (David N. Kleinmann of counsel), for respondents.

Judgment, Supreme Court, New York County (Mary V. Rosado, J.), entered June 7, 2023, bringing up for review two orders, same court and Justice, entered on or about April 13, 2023, which granted defendants' separate motions to dismiss this action for malicious prosecution, unanimously modified, on the law and the facts, and the motion to dismiss by defendant National Securities Corporation (NSC) denied, and otherwise affirmed, without costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court should not have dismissed the complaint as against NSC based upon documentary evidence (CPLR 3211[a][1]). Where, as here, a plaintiff asserts malicious prosecution arising from a prior civil action, the plaintiff must allege the "commencement or continuation" of a proceeding "by the defendant" that terminated in the plaintiff's favor, "the absence of probable cause for the . . . proceeding[,] . . . actual malice," and "special damages" (Facebook, Inc. v DLA Piper LLP (US), 134 AD3d 610, 613 [1st Dept 2015], lv denied 28 NY3d 903 [2016] [internal quotation marks omitted]).
Initially, we find that the voluntary discontinuance by former broker-dealer NSC of its prior action against plaintiff with prejudice sufficiently shows termination in plaintiff's favor (see Levy's Store, Inc. v Endicott-Johnson Corp., 272 NY 155, 162 [1936]; Aquilina v O'Connor, 59 AD2d 454, 457 [3d Dept 1977]; CPLR 3217). We also find that the complaint sufficiently alleged special damages by identifying specific individuals who had undergone its first level of review of potential arbitrable claims but "terminated their business relationships" with plaintiff "because of the allegations in the underlying action" by NSC against plaintiff (Wilhelmina Models, Inc. v Fleisher, 19 AD3d 267, 269 [1st Dept 2005]; see Engel v CBS, Inc., 93 NY2d 195, 201 [1999]; Facebook, Inc., 134 AD3d at 613; see also Drug Research Corp. v Curtis Publ. Co., 7 NY2d 435, 441 [1960]).
Contrary to defendants' contention, the complaints and affidavits in plaintiff's 2016 and 2017 defamation actions against nonparties do not "conclusively establish[]" the defense of judicial estoppel, as those documents do not reference the 20 individuals cited in the instant action when asserting loss of potential business caused by the conduct of other entities (Leon v Martinez, 84 NY2d 83, 88 [1994]; see CPLR 3211[a][1]). Nor does the revocation status of plaintiff's business license in its state of formation, from June 2019 to May 2021, defeat the allegation of special damages, since NSC's action was being prosecuted for five years before such revocation. Finally, plaintiff has adequately pleaded an absence of probable cause, and documentary evidence does not conclusively prove that probable cause existed.
However, the record does not establish that "the shareholders of the predecessor corporation become direct or indirect shareholders of" defendant B. [*2]Riley Financial Inc. (Matter of New York City Asbestos Litig., 15 AD3d 254, 256 [1st Dept 2005]). Thus, there was no de facto merger, and the complaint should be dismissed as to B. Riley (see Oorah, Inc. v Covista Communications, Inc., 139 AD3d 444, 445 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024