MARION STEEL COMPANY, INC., Respondent, *v.* ALDERTON DOCK YARDS, LTD., Appellant.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on June 7, 1927, and also from an order entered on June 3, 1927.

PER CURIAM. Upon the state of the record the court was not warranted in charging that the defendant's contract required completion within ninety days. The trial seems to have proceeded upon the theory of an ambiguity in the writings that passed between the parties. This appears from the fact that the defendant's president was permitted to testify without objection that he refused to undertake the work of dismantling the hull of the vessel and cutting up the steel within any specified time. His testimony in this respect stood uncontradicted. There was presented, therefore, a question of fact with respect to whether the defendant had obligated itself to perform within ninety days. The plaintiff's right to recover damages either upon its first cause of action for delay or upon its second cause of action for conversion would depend entirely upon whether the defendant had been guilty of a breach in this respect. The same reasoning applies to the right of the defendant to recover upon its counterclaim, the balance alleged to be due on account of the contract price. It was error, therefore, for the court to dismiss the counterclaim as there was presented a question of fact as to whether the defendant had not performed according to the contract which it claims to have entered into. The trial justice charged that the voluntary discontinuance by the defendant's counsel of the libel proceedings instituted by the defendant in and of itself established want of probable cause. We think that the charge in this respect was more favorable than plaintiff was entitled to. In the absence of a compromise or inducement offered by the defendant in the primary action, the voluntary discontinuance by the plaintiff therein is tantamount to a successful termination of such action in favor of the defendant therein. (*Sigl, Inc.*, v. *Bresnahan*, 216 App. Div. 634, 637.) It is entitled, however, to no greater weight than the successful termination in such party's favor after a trial upon the merits. While the plaintiff in an action for malicious prosecution is required to prove as part of his case the termination in his favor of the prior action, such evidence does not in and of itself show a lack of probable cause. (*Willard* v. *Holmes, Booth & Haydens*, 142 N. Y. 492, 503; *Western Union Telegraph Co.* v. *Thomasson*, 251 Fed. 833, 838.) It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ. Judgment and order reversed and a new trial ordered, with costs to appellant to abide the event.