LOUVAD REALTY CORPORATION, Appellant, *v.* SADIE ANFANG,
Respondent.

First Department, April 6, 1944.

*George P. Halperin* of counsel (*Bernard H. Nearman* with him on the brief; *Berenson, Nearman & Berenson,* attorneys), for appellant.

*Irving Bloomberg* of counsel (*Alexander D. Diamond* with him on the brief; *Morris H.* and *Irving Bloomberg,* attorneys), for respondent.

UNTERMYER, J. The plaintiff sues for malicious prosecution by the defendant of an action for the admeasurement of an alleged dower interest in premises owned by the plaintiff, in conjunction with which she filed a *lis pendens* against the property. The complaint then alleges that "with and upon the consent of this defendant, a judgment was entered in said action, dismissing the complaint on the merits" and that "as a result thereof, said action and the notice of pendency of said action became wholly ended."

The Special Term held the complaint insufficient for the reason that "defendant's consent to the judgment dismissing the prior action may have been brought about by compromise or inducement offered by the plaintiff and without any judicial action involving the merits or propriety of the action." We think this conclusion is not warranted by the allegations of the complaint, especially when we apply the provisions of section 275 of the Civil Practice Act requiring pleadings to be liberally construed. (*Wainwright & Page* v. *Burr & McAuley,* 272 N. Y. 130; *O'Neil Supply Co.* v. *Petroleum Heat & Power Co.,* 280 N. Y. 50.) Read in the light of the principle, we may not assume that the discontinuance by that defendant of the earlier action was procured by compromise or inducement offered by the plaintiff. The plaintiff, having alleged that the earlier action was discontinued with the defendant's consent, was not required to allege negatively that the consent had not been procured by any compromise or inducement.

Assuming, then, that the earlier action was terminated with the consent of the defendant but without inducement or compromise, we consider the complaint to be sufficient. The rule that an action for malicious prosecution cannot be maintained where the termination of the earlier action was procured by compromise or inducement offered by the plaintiff (*Halberstadt* v. *New York Life Ins. Co.,* 194 N. Y. 1; *Levy's Store, Inc.,* v. *Endicott-Johnson Corp.,* 272 N. Y. 155) does not require the plaintiff to establish that in the earlier action it had resisted a discontinuance to which the defendant had consented. (*Sigl, Inc.,* v. *Bresnahan,* 216 App. Div. 634; *Marion Steel Co.* v.

*Alderton Dock Yards, Ltd.*, 223 App. Div. 741.) Discontinuance of the earlier action upon consent of defendant, though not evidence of want of probable cause (*Marion Steel Co.* v. *Alderton Dock Yards, Ltd., supra*), cannot be regarded as evidence of the existence of probable cause sufficient to defeat an action for malicious prosecution.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint denied, with leave to the defendant to answer within ten days after service of order on payment of said costs.

MARTIN, P. J., DORE and COHN, JJ., concur; CALLAHAN, J., taking no part.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with leave to the defendant to answer within ten days after service of order on payment of said costs.