■ JOHN PAGLIARULO et al., Respondents, v. FILIPPO PAGLIARULO et al., Appellants.— Order of the Supreme Court, Suffolk County, dated August 15, 1967, modified, on the law, by adding a provision (1) that the denial of defendants' motions to dismiss the complaint is only to the extent that the complaint alleges a cause for abuse of process and (2) that the motions are granted insofar as the complaint purports to allege a cause for malicious prosecution. As so modified, order affirmed, without costs. The time to answer the complaint is extended until 20 days after entry of the order hereon. The complaint alleges in substance that defendants maliciously brought an action to foreclose an equitable mortgage against the property of plaintiffs, that said action terminated in favor of plaintiffs, and that the *lis pendens* filed in connection therewith was filed without probable cause and without any factual or legal reason. The record shows that the action of which plaintiffs complain was terminated upon the following agreement: "It is hereby stipulated and agreed by and between the undersigned attorneys for the parties hereto that the above entitled action be and the same hereby is settled and discontinued on the merits without costs to either party ". The distinction between abuse of process and malicious prosecution is often overlooked: "A wrong usually referred to as 'malicious abuse of process' is committed when the actor employs legal process in a manner technically correct, but for a wrongful and malicious purpose to attain an unjustifiable end or an object which it was not the purpose of the particular process employed to effect. It differs from malicious prosecution in that it is not necessary to show that the action in which the process was used was without probable cause or that it terminated favorably to the plaintiff. The action is not for the wrongful bringing of an action or prosecution, but for the improper use, or rather 'abuse,' of process in connection therewith" (1 Harper and James, Law of Torts, § 4.9, p. 330). In order for plaintiffs to maintain an action for malicious prosecution, they must show the elements of malice, want of probable cause, and successful termination of the precedent action in plaintiffs' favor. As concerns the latter element, the text states the following: "It is * * * necessary that the proceedings of which the plaintiff complains should have terminated in his favor. No action can be maintained for malicious prosecution based on proceedings which turned out to be well founded. This requirement applied to civil as well as to criminal proceedings. To show a termination in his favor, the plaintiff must prove that the court passed on the merits of the charge or claim against him under such circumstances as to show his innocence or nonliability, or show that the proceedings were terminated or abandoned at the instance of the defendant under circumstances which fairly imply the plaintiff's innocence." (1 Harper and James, § 4.4, p. 307.) The action of which plaintiffs complain was discontinued by agreement entered into by both parties to this action. Under the circumstances, there was no such termination of the action which would give rise to a cause of action for malicious prosecution (*Levy's Store* v. *Endicott-Johnson Corp.,* 272 N. Y. 155; *Halberstadt* v. *New York Life Ins. Co.,* 194 N. Y. 1). Therefore, the cause sounding in malicious prosecution should be stricken from the complaint. Since the complaint fails to state a cause for malicious prosecution, the question is whether there is a cause for abuse of process. "The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough" (*Dean v. Kochendorfer,* 237 N. Y. 384, 390).

The tort of abuse of process does not require a showing that the plaintiff was successful in the prior action. This is so because the basis of the tort lies in the use of the process to gain a collateral objective, the accomplishment of which the process in question was not intended to secure. It is irrelevant whether reasonable grounds existed for the use of the process or what the eventual disposition of the action was. It is the misuse of the legitimate process which is of concern. The complaint alleges in paragraph Eighteenth that the prior action was commenced "for the sole purpose of compelling these plaintiffs, through fear and duress, to comply with unreasonable and unfounded demands made by the defendants upon the plaintiffs with respect to compliance with the award in arbitration." On the basis of this allegation, we are of the opinion that plaintiffs have stated a cause for abuse of process. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.