■ THERESA McGUIRE, Respondent, v JOSEPH A. EPSTEIN et al., Defendants, and HAYT, HAYT & LANDAU, Appellant.—In an action to recover damages based on allegations of abuse of process and malicious prosecution, the defendant Hayt, Hayt & Landau appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated March 14, 1989, as denied that branch of its motion which was to dismiss the plaintiff's second cause of action pursuant to CPLR 3211 (a) (7) insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

According every favorable inference to the allegations of the plaintiff's second cause of action *(see generally, Sanders v Winship,* 57 NY2d 391; *Pollnow v Poughkeepsie Newspapers,* 107 AD2d 10, *affd* 67 NY2d 778), we conclude that a prima facie claim based on the tort of malicious prosecution has been stated. As noted by the Supreme Court, the plaintiff's allegations, construed liberally, allow for proof that the underlying action brought by the appellant was " 'abandoned at the instance of the [appellant] under circumstances which fairly imply the plaintiff's innocence' " *(Pagliarulo v Pagliarulo,* 30 AD2d 840, quoting 1 Harper and James, Law of Torts § 4.4, at 307; *see also, Loeb v Teitelbaum,* 77 AD2d 92, 97-101; *Louvad Realty Corp. v Anfang,* 267 App Div 567; 59 NY Jur 2d, False Imprisonment and Malicious Prosecution, § 63, at 325; Annotation, *Nature of Termination of Civil Action Required to Satisfy Element of Favorable Termination to Support Action for Malicious Prosecution,* 30 ALR4th 572). We also agree with the Supreme Court that the plaintiff's complaint adequately alleges the remaining elements of the tort of malicious prosecution. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.