■ NINETEEN NEW YORK PROPERTIES LIMITED PARTNERSHIP, Appellant-Respondent, v UK JEE KIM et al., Defendants, and ABRAHAM & SILVER, Respondent-Appellant. [674 NYS2d 642] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about January 10, 1997, which, upon reargument, vacated an order of the same court and Justice entered March 12, 1996, and, *inter alia*, denied plaintiff's motion for summary judgment and the cross motion of defendant-appellant seeking dismissal of plaintiff's fifth and sixth causes

of action alleging malicious prosecution and abuse of process, respectively, and the imposition of sanctions pursuant to CPLR 8303-a, unanimously affirmed, with costs.

The IAS Court properly found that defendant-appellant law firm might be liable to plaintiff despite the absence of privity between the two, since "an attorney may be held liable for injuries sustained by a third party [i.e., a nonclient] as a consequence of the attorney's wrongful or improper exercise of authority, or where the attorney has committed fraud or collusion or a malicious or tortious act" (*see, Singer v Whitman & Ransom*, 83 AD2d 862, 863). Moreover, the IAS Court correctly concluded with respect to plaintiff's malicious prosecution cause of action that plaintiff's affidavits raised a material issue of fact as to whether defendant-appellant, while acting as counsel to plaintiff's former adversary, "maliciously caus[ed] process to issue without justification" (*Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 400; *cf., Hornstein v Wolf*, 109 AD2d 129, 132, *affd* 67 NY2d 721). With respect to plaintiff's cause of action for abuse of process, the court again properly found, in reliance upon plaintiff's affidavits, that material factual issues had been raised as to whether defendant-appellant "caus[ed] process to issue lawfully but to accomplish some unjustified purpose" (*Board of Educ. v Farmingdale Classroom Teachers Assn., supra*, 38 NY2d, at 400). In this latter connection, we note, as did the IAS Court, that the evidence is conflicting as to whether defendant law firm, at the time of the events in question, was seeking a collateral advantage or a detriment to plaintiff outside the legitimate ends of the process (*supra,* at 403), or, on the other hand, was properly seeking to protect its client's economic interests.

Finally, no sanctions are warranted against plaintiff.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams, Mazzarelli and Saxe, JJ.