■ PHILIP CHU, Respondent-Appellant, v GREENPOINT BANK et al., Appellants-Respondents. [684 NYS2d 268] —In an action, *inter alia,* to recover damages for malicious prosecution, the defendants appeal from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated December 3, 1997, as denied those branches of their motion which were to dismiss the fourth and fifth causes of action asserted in the complaint and which granted those branches of the plaintiff's motion which were to strike certain of their defenses, and the plaintiff cross-appeals, as limited by his brief, from so much of the order as dismissed his causes of action to recover damages for breach of covenant of good faith, breach of contract, negligence, and defamation, and which denied that branch of his motion

which was to preclude the defendant Greenpoint Bank from offering certain evidence with respect to counsel fees.

Ordered that the appeal by Greenpoint Bank is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by Cullen and Dykman and insofar as cross-appealed from, without costs or disbursements.

The plaintiff commenced this action after the defendants' prior foreclosure action against him was dismissed as baseless (*see, Chu v Green Point Sav. Bank,* 216 AD2d 348). The defendant Cullen and Dykman contends that the Supreme Court erred by refusing to dismiss the cause of action alleging malicious prosecution because the plaintiff failed to show either interference with his property or malice (*see, Ellman v McCarty,* 70 AD2d 150). However, inasmuch as the defendants caused the provisional remedy of a lis pendens to be filed upon the plaintiff's property in connection with their foreclosure action, the plaintiff has clearly demonstrated interference with his property (*see, Chappelle v Gross,* 26 AD2d 340). In addition, since the defendants continued to maintain the foreclosure action despite the lack of probable cause therefor and despite the fact that Cullen and Dykman had informed the New York State Banking Department that the action would be discontinued, the element of malice may be inferred (*see, Berman v Silver, Forrester & Schisano,* 156 AD2d 624, 625; *see also, Nineteen N. Y. Props. Ltd. Partnership v Uk Jee Kim,* 251 AD2d 104).

The parties' remaining contentions are without merit. Santucci, J. P., Joy, Altman and Luciano, JJ., concur.