■ WILHELMINA MODELS, INC., et al., Respondents, v ERIC FLEISHER et al., Appellants, et al., Defendants. [797 NYS2d 83]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 5, 2004, which denied the motion of defendants Fleisher and Assist Sports Management to dismiss the complaint pursuant to CPLR 3211, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of said defendants dismissing the complaint as against them.

In 1999, defendants Fleisher and Assist Sports Management (Assist) sued 18 defendants, including plaintiffs herein. The complaint in that action contained allegations that Assist's basketball player clients were induced, by promises of romantic liaisons with models, into defecting to a new management agency that was a division of plaintiffs' company. Verdicts were returned against some of those defendants. However, the jury found plaintiffs were not liable to either Fleisher or Assist.

In October 2003, plaintiffs commenced an action against Fleisher and Assist, as well as their attorneys in the underlying action, seeking damages for malicious prosecution. The complaint asserted that the allegations in the underlying action as they related to the plaintiffs were "baseless," and that Fleisher and Assist knew there was no basis for those allegations. It further alleged that because defendants disseminated those allegations to the press prior to the filing of the complaint, plaintiffs suffered special damages. Specifically, there is a claim of a loss of a financing opportunity by Wilhelmina entities and their owners (but not the specific Wilhelmina plaintiffs here) involving millions of dollars to be used to purchase other companies and otherwise profit from the financing.

In January 2003, Fleisher and Assist moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action. They argued, inter alia, that the complaint in the underlying action, when read as a whole, demonstrated probable cause, and that plaintiffs suffered no special damages. The IAS court found plaintiffs' complaint sufficient on the law that proof of dissemination of the complaint in the underlying action to the press could lead a trier of fact to find a lack of probable cause as well as actual malice. The court also found that the allegations of the failed loan opportunity were sufficient to meet plaintiffs' burden on the issue of special damages.

On a motion to dismiss pursuant to CPLR 3211, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . [D]ismissal is warranted only if the

documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]).

The tort of malicious prosecution requires proof of "(1) the commencement or continuation of a . . . proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the [plaintiff], (3) the absence of probable cause for the . . . proceeding and (4) actual malice" (*Broughton v State of New York,* 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]). A plaintiff must also allege and prove "special injury" (*Engel v CBS, Inc.,* 93 NY2d 195, 201 [1999]).

In *Engel,* the Court of Appeals elaborated on the "special injury" requirement by explaining: "what is 'special' about special injury is that the defendant must abide some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (*id.* at 205).

During discovery, plaintiffs could not identify any individuals represented by the Wilhelmina entities that terminated their business relationships because of the allegations in the underlying action. No staff reductions occurred as a result of those allegations. The only evidence of the loss of financing was a draft of a "commitment letter" from Lehman Brothers which expressly stated that it did "not represent a commitment or agreement." It further provided that the loan was for the benefit of Creation Management, LLC, as borrower, not plaintiffs herein. Indeed, it contained a requirement that the "Wilhelmina Modeling Agency" be placed in a legally separate entity as a condition of the loan.

Factual allegations presumed to be true on a motion pursuant to CPLR 3211 may properly be negated by affidavits and documentary evidence (*see Biondi v Beekman Hill House Apt. Corp.,* 257 AD2d 76, 81 [1999], *affd* 94 NY2d 659 [2000]). Thus, the terms of the commitment letter could properly be considered on the motion to dismiss.

As separate entities from the potential borrower, plaintiffs could not directly profit from the loan proceeds and therefore damages were insufficiently pleaded. The allegations fall far short of the "specific and meaningful" damages required to maintain a malicious prosecution action (*Engel,* 93 NY2d at 207). A malicious prosecution plaintiff must allege that the underlying action was filed with "a purpose other than the adjudication of a claim," and that there was "an entire lack of probable cause in the prior proceeding" (*id.* at 204).

Plaintiffs here focused solely on one specific allegation among many in the underlying complaint, i.e., that Assist's clients were induced to defect to Wilhelmina by promises of romantic liaisons with models. However, the falsity of one allegation of a complaint does not support an inference of malice where there existed probable cause for the underlying action as a whole (*see Brown v Sears Roebuck & Co.*, 297 AD2d 205 [2002]). An action brought with actual malice is one brought with "conscious falsity" (*Hornstein v Wolf*, 109 AD2d 129, 133 [1985], *affd* 67 NY2d 721 [1986]). The inclusion of plaintiffs in the underlying action was based upon their close corporate ties to and interaction with the other individual and corporate defendants, some of whom were found liable at trial. Therefore, there was probable cause to include plaintiffs as parties in the underlying action. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.