■ TODD E. SHATKIN, D.D.S., et al., Appellants, v DAWN M. DRESCHER, Also Known as DAWN M. PASIECZNIK, Now Known as DAWN M. PASTOR, et al., Defendants, and PEPSI COLA BUFFALO BOTTLING CORP., Respondent. (Appeal No. 1.) [805 NYS2d 901]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered November 22, 2004 in an action for malicious prosecution. The order and judgment, inter alia, granted the cross motion of defendant Pepsi Cola Buffalo Bottling Corp. for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal No. 1, plaintiffs appeal from an order and judgment denying their motion seeking preclusion and granting the cross motion of defendant Pepsi Cola Buffalo Bottling Corp. (Pepsi) for summary judgment dismissing the amended complaint against it in this action for malicious prosecution. In appeal No. 2, plaintiffs appeal from an order denying their motion for leave to renew with respect to the motion and cross motion at issue in appeal No. 1. In appeal No. 3, plaintiffs appeal from an order granting the motion of defendant Scott Pastor for summary judgment dismissing the amended complaint against him. We affirm.

In order to establish a cause of action for malicious prosecution, a plaintiff must establish, inter alia, that the defendant initiated or continued an action or proceeding that terminated in favor of the plaintiff and that the plaintiff sustained a special injury as a result of the prior action (*see Wilhelmina Models,*

*Inc. v Fleisher*, 19 AD3d 267, 268-269 [2005]; *Williams v Barber*, 3 AD3d 695, 696-697 [2004]). Here, both Pepsi and Pastor established as a matter of law that plaintiffs did not sustain a special injury and, contrary to the contention of plaintiffs, they failed to raise a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The prior action at issue herein did not include the imposition of a provisional remedy such as arrest, attachment or injunction, and plaintiffs did not otherwise raise a triable issue of fact whether they sustained "a verifiable burden substantially equivalent to the provisional remedy effect . . . [, i.e.,] some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (*Engel v CBS, Inc.*, 93 NY2d 195, 205 [1999]).

In view of our determination, we do not consider plaintiffs' remaining contentions. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.