█ Michael Goldman, Respondent, v Citicore I, LLC, et al., Appellants. [53 NYS3d 142]—

Appeals from (1) stated portions of an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered May 16, 2014, and (2) an order of that court entered September 4, 2014. The order entered May 16, 2014, inter alia, granted those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a) and (b) to dismiss the counterclaims and first, second, third, fourth, sixth, and seventh affirmative defenses of the defendants. The order entered September 4, 2014, granted the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216, restore the action to the trial calendar, and extend the time to file a note of issue.

Ordered that the order entered May 16, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered September 4, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to recover brokerage commissions from the defendants, Citicore I, LLC, Citicore LLC, and Citiicore LLC. The plaintiff alleged that he is a licensed real estate broker, and that he performed certain brokerage services for the defendants in connection with the sale of real property located on Loring Place in the Bronx (hereinafter the Loring Place property). He claimed that as per the defendants' rules and an agreement he entered into with the defendants' principal, he was the listing agent on the deal, which entitled him to 35% of the commission earned on the deal, and was also the selling agent, and so was entitled to a further 35% of the commission earned. In addition, the plaintiff claimed he was entitled to an additional 5% of the commission as bonus, because he secured an exclusive listing on the prop-

erty. He alleged that, pursuant to a contract signed by both the buyer and seller of the Loring Place property, the total commission was 4.5% of the $3.3 million sales price, or $148,500.

According to the plaintiff, he stopped working with the defendants before the closing on the sale of the Loring Place property. He attempted to contact the defendants several times in order to obtain assurances from the defendants that they would pay him the 75% of the total commission to which he claimed to be entitled. The plaintiff alleged that the defendants never provided him with such assurances, breached their contract with him, and are indebted to him for 75% of the total commission on the Loring Place property deal, minus $8,000 which the defendants already paid him in connection with the deal, for a total of $103,375.

The plaintiff moved for summary judgment on the issue of liability on the commission due to him as listing agent, arguing that there were no triable issues of fact as to whether he was the listing agent, and that pursuant to his agreement with the defendants, he is therefore entitled to 35% of the total commission on the deal. He also moved pursuant to CPLR 3211 (a) to dismiss the defendant's counterclaims and pursuant to CPLR 3211 (b) to dismiss the defendants' affirmative defenses. The defendants opposed the plaintiff's motion, and cross-moved for summary judgment on their fourth counterclaim, which sought attorneys' fees, and pursuant to CPLR 3025 for leave to serve an amended answer.

By order entered May 16, 2014, the Supreme Court denied that branch of the plaintiff's motion which was for partial summary judgment, and granted those branches of his motion which were to dismiss all of the defendants' counterclaims and affirmative defenses, with the exception of the fifth affirmative defense, which the defendants withdrew. In the same order, the court denied that branch of the defendants' motion which was for summary judgment on their fourth counterclaim, and granted that branch of the defendants' motion which was for leave to serve an amended answer.

In the interim, in a certification order dated February 14, 2014, the Supreme Court directed the plaintiff to file a note of issue within 90 days, and warned that the action would be deemed dismissed without further order of the court if he failed to comply with that directive. It appears that on June 30, 2014, the action was administratively dismissed pursuant to CPLR 3216, after the plaintiff failed to serve and file the note of issue within 90 days of the certification order or move to extend the time within which to serve and file a note of issue. Thereafter,

in an order entered September 4, 2014, the court granted the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216, restore the action to the trial calendar, and extend the time to file a note of issue. The defendants appeal from stated portions of the order entered May 16, 2014, and from the order entered September 4, 2014.

On appeal, the defendants contend that the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216. Initially, we note that although CPLR 3216 was amended, effective January 1, 2015, to require that the 90-day demand set forth the specific conduct constituting the neglect and that notice be given to the parties prior to dismissal of the action for unreasonable neglect to proceed (see CPLR 3216 [a], [b] [3]), both the orders dated February 14, 2014, and June 30, 2014, predated the amendments. Thus, we do not consider the amendments on this appeal. However, contrary to the defendants' contention, the plaintiff demonstrated a justifiable excuse for his failure to comply with the certification order and also demonstrated the existence of a potentially meritorious cause of action (see generally CPLR 3216 [e]; Piszczatowski v Hill, 93 AD3d 707, 708 [2012]). Accordingly, the court providently granted the plaintiff's motion to vacate the dismissal of the action.

The Supreme Court also properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendants' first counterclaim, which sought to recover damages for abuse of process. "The three essential elements of the tort of abuse of process are '(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective'" (Tenore v Kantrowitz, Goldhamer & Graifman, P.C., 76 AD3d 556, 557 [2010], quoting Curiano v Suozzi, 63 NY2d 113, 116 [1984]; see Schilt v Matherson, 104 AD3d 668, 669 [2013]). "[T]he gist of the tort is 'the improper use of process after it is issued' by 'an unlawful interference with one's person or property'" (Tenore v Kantrowitz, Goldhamer & Graifman, P.C., 76 AD3d at 557, quoting Williams v Williams, 23 NY2d 592, 596 [1969]). Here, the gravamen of the first counterclaim was that the plaintiff initiated this lawsuit with the intent to harm the defendants, knowing that the brokerage community would find out about the lawsuit, which would damage the defendants' ability to do business in that community. However, "the institution of a civil action by summons and complaint is not legally considered

process capable of being abused" (*Mago, LLC v Singh*, 47 AD3d 772, 773 [2008]; *see Curiano v Suozzi*, 63 NY2d at 116; *Muro-Light v Farley*, 95 AD3d 846, 847 [2012]). Moreover, there was no allegation that the plaintiff improperly used process after it was issued. Furthermore, "a malicious motive alone does not give rise to a cause of action to recover damages for abuse of process" (*Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 76 AD3d at 557; *see Curiano v Suozzi*, 63 NY2d at 117).

The Supreme Court also properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendants' second counterclaim, which sounded in prima facie tort. "An element of a prima facie tort cause of action is that the complaining party suffered specific and measurable loss, which requires an allegation of special damages. Additionally, central to a cause of action alleging prima facie tort is that the plaintiff's intent was motivated solely by malice or 'disinterested malevolence' " (*Diorio v Ossining Union Free School Dist.*, 96 AD3d 710, 712 [2012] [citations omitted], quoting *Simaee v Levi*, 22 AD3d 559, 563 [2005]). Inasmuch as the second counterclaim failed to allege any specific and measurable loss suffered by the defendants as a result of the plaintiff's conduct, or that his sole motive was malice or disinterested malevolence, it was insufficient to state a cause of action alleging prima facie tort.

The third counterclaim, alleging tortious interference with prospective business relations, failed to allege that the plaintiff's conduct intentionally induced a breach of a specific contract between the defendants and a third party, or that plaintiff otherwise rendered performance of a contract impossible, and therefore, the Supreme Court correctly directed the dismissal of that counterclaim (*see Lesesne v Lesesne*, 292 AD2d 507, 509 [2002]; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 490 [1995]; *cf. Kevin Spence & Sons v Boar's Head Provisions Co.*, 5 AD3d 352, 354 [2004]).

In the fourth counterclaim the defendants sought to recover attorneys' fees incurred in defending this action pursuant to a provision in their "Policy & Procedure Manual," which states, inter alia, that "[i]f a dispute arises due to a commission and a legal action is commenced as a result thereof, the costs of the legal action will be deducted from the fee collected," and "[i]f [a] suit is a result of an agent's action, he/she will be responsible for payment of damages incurred as a result." Since "a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own at-

torney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]). Here, the provision relied upon by the defendants is vague, and a promise by the plaintiff to indemnify the defendants for attorneys' fees incurred in litigation between them cannot be clearly implied from the language and purpose of the entire manual. Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss this counterclaim.

The Supreme Court also properly granted that branch of the plaintiff's motion which was to dismiss the fifth counterclaim, alleging unjust enrichment. The parties entered into an actual agreement governing the subject matter of this counterclaim, therefore, the defendants may not recover damages for unjust enrichment (*see Pappas v Tzolis*, 20 NY3d 228, 234 [2012]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *Vescon Constr., Inc. v Gerelli Ins. Agency, Inc.*, 97 AD3d 658, 659 [2012]).

The parties' remaining contentions are without merit. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.