■ Sheldon Rosenthal, M.D., Appellant, v MDX Medical, Inc., Doing Business as Vitals.com, Respondent. [60 NYS3d 61]—

Appeal from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated June 15, 2015. The order granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging that the defendant operated a website that repeatedly misidentified the plaintiff as deceased. The complaint sought to recover damages for defamation, negligence, and prima facie tort. The complaint did not allege any special damages. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The Supreme Court granted the motion, and the plaintiff appeals.

A false written statement is libelous per se, and thus actionable without allegation or proof of special damage, if it " 'tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society' " (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379 [1977], quoting *Sydney v MacFadden Newspaper Publ. Corp.*, 242 NY 208, 211-212 [1926]). A false written statement is also libelous per se if it "tends to disparage a person in the way of his office, profession or trade" (*Nichols v Item Publs.*, 309 NY 596, 601 [1956]). Contrary to the plaintiff's contention,

the defendant's alleged act of misidentifying him as deceased does not fall within these definitions (*see Golub v Enquirer/ Star Group*, 89 NY2d 1074, 1076-1077 [1997]; *Cohen v New York Times Co.*, 153 App Div 242, 246 [1912]; *Rubinstein v New York Post Corp.*, 128 Misc 2d 1, 3 [1985]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging defamation.

The Supreme Court also properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligence. A negligent statement is not "actionable unless expressed directly, with knowledge or notice that it will be acted upon, to one to whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all" (*White v Guarente*, 43 NY2d 356, 363 [1977]). Here, the plaintiff has not alleged the existence of any special relationship between the parties giving rise to a duty to speak with care (*see Pressler v Dow Jones & Co.*, 88 AD2d 928 [1982]).

" 'An element of a prima facie tort cause of action is that the complaining party suffered specific and measurable loss, which requires an allegation of special damages' " (*Goldman v Citicore I, LLC*, 149 AD3d 1042, 1045 [2017], quoting *Diorio v Ossining Union Free School Dist.*, 96 AD3d 710, 712 [2012]). Since the plaintiff failed to allege any special damages, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging prima facie tort (*see Goldman v Citicore I, LLC*, 149 AD3d at 1045).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.