Kaufman v Kaufman (2022 NY Slip Op 03892)

Kaufman v Kaufman

2022 NY Slip Op 03892

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2020-00145
2020-01234
 (Index No. 608194/19)

[*1]Allen M. Kaufman, appellant,
v
Kenneth Kaufman, respondent.

Novick & Associates, P.C., Huntington, NY (Donald Novick and Albert V. Messina, Jr., of counsel), for appellant.
Steven G. Legum, Mineola, NY, for respondent.

DECISION & ORDER
In an action to recover damages for abuse of process and malicious prosecution, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered December 9, 2019, and (2) a judgment of the same court dated December 10, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The parties, who are brothers, are the sons of Hyman Kaufman. On August 3, 2009, Hyman fell and suffered a brain injury. He was hospitalized at North Shore Hospital and placed on a ventilator. The plaintiff, a physician, was Hyman's designated health care agent. At some point after being placed on a ventilator, Hyman was admitted to the Wayne Center for Nursing & Rehabilitation (hereinafter Wayne), and according to the defendant, Hyman received on various occasions life-sustaining medical treatments that were contrary to the directions on Hyman's heath care proxy. In March 2011, Hyman was admitted to Montefiore Medical Center (hereinafter Montefiore). According to the plaintiff, the defendant sought to persuade Montefiore to terminate care for Hyman, but Montefiore refused to override the plaintiff's decisions. Hyman died on September 7, 2011.
In 2012, the defendant commenced an action in the Supreme Court, Bronx County, [*2]against Wayne, alleging, inter alia, negligence. In January 2014, the defendant commenced a separate action in the Supreme Court, Bronx County, against the plaintiff and Montefiore (hereinafter the prior action), alleging, in pertinent part, that the plaintiff, as Hyman's health care proxy, failed to make health care decisions in accordance with Hyman's wishes and that the plaintiff had committed medical malpractice in connection with his treatment of Hyman. In February 2016, the Bronx County actions were consolidated. In a verified bill of particulars dated April 20, 2016, the defendant expressly stated that he no longer was alleging medical malpractice against the plaintiff. Thereafter, the plaintiff moved for summary judgment dismissing the complaint in the prior action insofar as asserted against him, and the court granted the motion in an order dated June 14, 2018. The court determined, among other things, that there was no doctor-patient relationship between the plaintiff and Hyman.
In August 2019, the plaintiff commenced this action, alleging that the defendant had commenced the prior action in an attempt to harass the plaintiff and to defame his good name in the community. According to the plaintiff, he became ineligible for discounted medical malpractice insurance premiums available to physicians who have never been sued for medical malpractice. Specifically, the plaintiff alleged two causes of action. The first cause of action sought to recover damages for abuse of process, and the second cause of action sought to recover damages for malicious prosecution. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court granted the defendant's motion on the ground that the complaint failed to state a cause of action. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept as true the facts as alleged in the pleading and submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63-64). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, alleging abuse of process. "The three essential elements of the tort of abuse of process are '(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective"' (Tenore v Kantrowitz, Goldhamer & Graifman, P.C., 76 AD3d 556, 557, quoting Curiano v Suozzi, 63 NY2d 113, 116; see Goldman v Citicore I, LLC, 149 AD3d 1042, 1044). "[T]he gist of the tort is 'the improper use of process after it is issued' by 'an unlawful interference with one's person or property'" (Tenore v Kantrowitz, Goldhamer & Graifman, P.C., 76 AD3d at 557, quoting Williams v Williams, 23 NY2d 592, 596).
Here, the gravamen of the first cause of action was that the defendant initiated the prior action with the intent to injure and harass the plaintiff and to gain an advantage against the plaintiff in other legal proceedings in which the plaintiff and the defendant were parties. However, "the institution of a civil action by summons and complaint is not legally considered process capable of being abused" (Mago, LLC v Singh, 47 AD3d 772, 773; see Curiano v Suozzi, 63 NY2d at 116; Goldman v Citicore I, LLC, 149 AD3d at 1044-1045). Moreover, there was no allegation that the defendant improperly used process after it was issued. Furthermore, "a malicious motive alone does not give rise to a cause of action to recover damages for abuse of process" (Tenore v Kantrowitz, Goldhamer & Graifman, P.C., 76 AD3d at 557; see Curiano v Suozzi, 63 NY2d at 117; Goldman v Citicore I, LLC, 149 AD3d at 1045).
The Supreme Court also properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, alleging malicious prosecution, though for reasons other than those stated in the order appealed from. Where, as here, evidentiary material is considered on a motion pursuant to CPLR 3211(a)(7), the criterion is whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Leon v Martinez, 84 NY2d 83, 88; Guggenheimer v Ginzburg, 43 NY2d 268, 275; Rovello v Orofino Realty Co., 40 [*3]NY2d 633, 634).
"The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Teller v Galak, 162 AD3d 959, 960 [internal quotation marks omitted]; see Sapienza v Notaro, 172 AD3d 1418, 1420). The plaintiff, in asserting a cause of action for malicious prosecution, must allege not only that the prior action was commenced for a purpose other than the adjudication of the claim, but that there was "an entire lack of probable cause in the prior proceeding" (Engel v CBS, Inc., 93 NY2d 195, 204; see Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 614). The absence of probable cause must also be patent (see Facebook, Inc. v DLA Piper LLP [US], 134 AD3d at 614; Butler v Ratner, 210 AD2d 691, 693).
Here, although the medical malpractice cause of action in the prior action was ultimately dismissed, the commencement of the prior action was not entirely lacking in probable cause at its inception. The plaintiff, postured as a defendant in the prior action, wrote multiple prescriptions for Hyman over the course of years, by which there was an arguable doctor-patient relationship. After conducting an investigation, the New York State Department of Health (hereinafter the DOH) concluded that Hyman, at the plaintiff's direction, had received life-sustaining interventions while at Wayne, such as artificial ventilation and G-tube feeding, that were contrary to Hyman's wishes as set forth in his health care proxy. The DOH also found that the plaintiff was a physician who worked at that same facility and that he communicated with Wayne using his professional stationary. Additionally, and significantly, the complaint in the prior action was accompanied by a CPLR 3012-a certificate of merit declaring that counsel had consulted with a physician who was "knowledgeable of the relevant issues," and that based on this consultation, there was a reasonable basis for the medical malpractice cause of action alleged in the prior action. Since these collective matters, as documented, established that the prior action did not entirely lack probable cause at the time it was commenced (see Burt v Smith, 181 NY 1, 6), the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court