Stewart v Fein Such & Crain, LLP (2025 NY Slip Op 01663)

Stewart v Fein Such & Crain, LLP

2025 NY Slip Op 01663

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2021-05234
 (Index No. 509473/20)

[*1]Clarence Stewart, et al., respondents, 
v
Fein Such & Crain, LLP, et al., appellants, et al., defendants.

Ropers Majeski P.C., New York, NY (John W. Hanson and Margaret Adamczak-Durcan of counsel), for appellant Fein Such & Crain, LLP.
Blank Rome LLP, New York, NY (Andrea M. Roberts and Diana M. Eng of counsel), for appellants Christiana Trust and PennyMac Loan Services, LLC.
Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution and abuse of process, the defendant Fein Such & Crain, LLP, appeals, and the defendants Christiana Trust and PennyMac Loan Services, LLC, separately appeal, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 16, 2021. The order, insofar as appealed from by the defendant Fein Such & Crain, LLP, denied those branches of its motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging malicious prosecution and abuse of process insofar as asserted against it. The order, insofar as appealed from by the defendants Christiana Trust and PennyMac Loan Services, LLC, denied those branches of the motion of the defendants Christiana Trust, PennyMac Loan Services, LLC, Wilmington Savings Fund, Wilmington Savings Fund Society, PennyMac Financial Services, Inc., and PennyMac Loan Trust 2011-NPL1 which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging malicious prosecution and abuse of process insofar as asserted against the defendants Christiana Trust and PennyMac Loan Services, LLC.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Fein Such & Crain, LLP, which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging abuse of process insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Christiana Trust, PennyMac Loan Services, LLC, Wilmington Savings Fund, Wilmington Savings Fund Society, PennyMac Financial Services, Inc., and PennyMac Loan Trust 2011-NPL1 which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging abuse of process insofar as asserted against the defendants Christiana Trust and PennyMac Loan Services, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In March 2003, the plaintiffs executed a note in the sum of $131,957.84 in favor of Citicorp Trust Bank, FSB (hereinafter Citicorp), which was secured by a mortgage on certain [*2]residential property located in Brooklyn. In September 2014, the defendant Christiana Trust, the successor in interest to Citicorp, commenced an action to foreclose the mortgage against the plaintiffs, among others (hereinafter the foreclosure action). Christiana Trust alleged that the plaintiffs had defaulted on their obligations under the note and mortgage by failing to make the monthly payments due on August 1, 2012, and thereafter. At or around the time of the commencement of the foreclosure action, Christiana Trust also filed, or caused to be filed, a notice of pendency. The defendant Fein Such & Crain, LLP (hereinafter FSC), a law firm, initially represented Christiana Trust in the foreclosure action. In an order dated February 23, 2017, the Supreme Court granted Christiana Trust's motion, filed on its behalf by FSC, inter alia, for an order of reference. The plaintiffs then moved for leave to reargue their opposition to Christiana Trust's motion, arguing that the court overlooked or misapprehended evidence indicating that they did not default on the note and mortgage. In an order dated August 1, 2017, the court granted the plaintiffs' motion for leave to reargue and, upon reargument, vacated the order dated February 23, 2017. Subsequently, in February 2019, Christina Trust's successor in interest, by new counsel, moved, among other things, to discontinue the foreclosure action without prejudice. In an order dated March 26, 2019, the court granted the motion and directed the Kings County Clerk to cancel and discharge of record the notices of pendency filed while the foreclosure action was pending.
In June 2020, the plaintiffs commenced this action against, among others, FSC, Christiana Trust, and the defendants PennyMac Loan Services, LLC (hereinafter PennyMac Loan Services), Wilmington Savings Fund, Wilmington Savings Fund Society, PennyMac Financial Services, Inc., and PennyMac Loan Trust 2011-NPL1, inter alia, to recover damages for malicious prosecution and abuse of process. FSC moved, inter alia, pursuant to CPLR 3211(a) to dismiss the malicious prosecution and abuse of process causes of action insofar as asserted against it. Christiana Trust, PennyMac Loan Services, Wilmington Savings Fund, Wilmington Savings Fund Society, PennyMac Financial Services, Inc., and PennyMac Loan Trust 2011-NPL1 (hereinafter collectively the lender defendants) moved, among other things, pursuant to CPLR 3211(a) to dismiss the malicious prosecution and abuse of process causes of action insofar as asserted against Christiana Trust and PennyMac Loan Services. In an order dated June 16, 2021, the Supreme Court, inter alia, denied those branches of the separate motions. FSC appeals, and Christiana Trust and PennyMac Loan Services separately appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Hughes v Vento, 226 AD3d 753, 754). "A copy of any writing which is attached to a pleading is a part thereof for all purposes" (CPLR 3014; see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 87). "Although inartfully pleaded, a claim should not be dismissed when the facts stated are sufficient to make out a cause of action. Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Lam v Weiss, 219 AD3d 713, 715 [citation and internal quotation marks omitted]). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Feng Li v Shih, 207 AD3d 444, 446 [internal quotation marks omitted]). Moreover, "[a] motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law. In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable" (Lam v Weiss, 219 AD3d at 716 [citation and internal quotation marks omitted]).
"The gravamen of a civil malicious prosecution cause of action is the wrongful initiation, procurement or continuation of a legal [action or] proceeding" (Kinge v State of New York, 79 AD3d 1473, 1478 [internal quotation marks omitted]). "The elements of the tort of malicious [*3]prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Skarzynski v ABM Mgmt. Corp., 217 AD3d 983, 984 [internal quotation marks omitted]).
To satisfy the element of probable cause, "[a] plaintiff . . . must allege not only that the prior action was commenced for a purpose other than the adjudication of the claim, but that there was an entire lack of probable cause in the prior proceeding. The absence of probable cause must also be patent" (Kaufman v Kaufman, 206 AD3d 805, 808 [citations and internal quotation marks omitted]; see 347 Cent. Park Assoc., LLC v Pine Top Assoc., LLC, 144 AD3d 785, 786; Weingarten v Halfpenny Auto Parts, 138 AD2d 373, 374). While they are separate elements, "the absence of probable cause does bear on the malice issue," since "malice is seldom established by direct evidence of an ulterior motive" (Martin v City of Albany, 42 NY2d 13, 17). Therefore, "malice can be inferred by lack of probable cause or conduct that was reckless or grossly negligent" (Fortunato v City of New York, 63 AD3d 880, 881 [internal quotation marks omitted]; see Chu v Greenpoint Bank, 257 AD2d 589, 590). "The favorable termination element" requires factual allegations showing "that the court passed on the merits of the charge or claim . . . under such circumstances as to show . . . nonliability, or evidence that the action was abandoned under circumstances which fairly imply the plaintiff's innocence" (Hudson Val. Mar., Inc. v Town of Cortlandt, 79 AD3d 700, 703 [internal quotation marks omitted]; see Levy's Store, Inc. v Endicott-Johnson Corp., 272 NY 155, 162; Pagliarulo v Pagliarulo, 30 AD2d 840, 840). In other words, the plaintiff must demonstrate that there was a final disposition of the prior action and that the "circumstances surrounding the termination [were] not inconsistent with [his or her] innocence" (Cantalino v Danner, 96 NY2d 391, 395, citing Smith-Hunter v Harvey, 95 NY2d 191, 199). To plead a special injury, a plaintiff must allege facts establishing "a highly substantial and identifiable interference with person, property, or business" (Engel v CBS, Inc., 93 NY2d 195, 205). "[A] provisional remedy, such as arrest, attachment, injunction, receivership, or notice of pendency," qualifies as such an injury (Greco v Christoffersen, 70 AD3d 769, 770; see Shatkin v Drescher, 24 AD3d 1292, 1293; Chu v Greenpoint Bank, 257 AD2d at 590), although "[a]ctual imposition of a provisional remedy need not occur" (Engel v CBS, Inc., 93 NY2d at 205). Instead, a plaintiff need only suffer "a verifiable burden substantially equivalent to the provisional remedy effect" or, stated otherwise, "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (id.; see Skarzynski v ABM Mgmt. Corp., 217 AD3d at 984-985; Wilhelmina Models, Inc. v Fleisher, 19 AD3d 267, 269).
Here, accepting the allegations in the complaint as true, as supplemented by the writings attached thereto (see CPLR 3014), and according the plaintiffs the benefit of every possible favorable inference, the plaintiffs alleged facts sufficient to state a cause of action to recover damages for malicious prosecution against FSC, Christiana Trust, and PennyMac Loan Services (see Hughes v Vento, 226 AD3d at 756; Sapienza v Notaro, 172 AD3d 1418, 1419-1420). The evidentiary materials submitted by FSC and the lender defendants also failed to establish that the plaintiffs have no cause of action alleging malicious prosecution against FSC, Christiana Trust, and PennyMac Loan Services (see DeMarzo v DeMarzo, 150 AD3d 1202, 1202). Contrary to the contentions of FSC, Christiana Trust, and PennyMac Loan Services, the complaint alleged facts sufficient to establish that those defendants initiated and continued the prosecution of the foreclosure action without probable cause (see Metwally v City of New York, 215 AD3d 820, 823-824; Sapienza v Notaro, 172 AD3d at 1419; cf. Kaufman v Kaufman, 206 AD3d at 807-808). Similarly, the factual allegations, when viewed in the light most favorable to the plaintiffs, created an inference of malice (see Chu v Greenpoint Bank, 257 AD2d at 590). Further, affording the plaintiffs the benefit of every possible favorable inference, the complaint adequately alleged that the foreclosure action terminated in their favor (see McGuire v Epstein, 167 AD2d 453, 453; Louvad Realty Corp. v Anfang, 267 App Div 567, 568-569). Under the circumstances presented, the fact that the foreclosure action was voluntarily discontinued without prejudice did not warrant a different conclusion (see Smith-Hunter v Harvey, 95 NY2d at 198, citing Joiner Ins. Agency, Inc. v Principal Cas. Ins. Co., 684 So 2d 1242, 1245 [Miss]; cf. Hudson Val. Mar., Inc. v Town of Cortlandt, 79 AD3d at 703). The complaint also alleged that the plaintiffs suffered interference with their property in a manner sufficient to [*4]demonstrate a special injury (see Chu v Greenpoint Bank, 257 AD2d at 590; Schierloh v Kelly, 253 App Div 373, 374-375). Moreover, "[t]o the extent that the evidence submitted by [FSC and the lender defendants] constituted documentary evidence within the meaning of CPLR 3211(a)(1), such evidence failed to utterly refute the allegations of the . . . complaint and did not conclusively establish a defense as a matter of law" with regard to the malicious prosecution cause of action insofar as asserted against FSC, Christiana Trust, and PennyMac Loan Services (Tueme v Lezama, 217 AD3d 715, 716).
"The gist of the tort [of abuse of process] is the improper use of process after it is issued by an unlawful interference with one's person or property" (Kaufman v Kaufman, 206 AD3d at 807 [alteration and internal quotation marks omitted]). "To state a cause of action to recover damages for abuse of process, a party must allege the existence of (1) regularly issued process, (2) an intent to do harm without excuse or justification, and (3) the use of process in a perverted manner to obtain a collateral objective" (Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254). "It is irrelevant whether reasonable grounds existed for the use of the process or what the eventual disposition of the action was. It is the misuse of the legitimate process which is of concern" (Pagliarulo v Pagliarulo, 30 AD2d at 841).
Here, the plaintiffs failed to allege any actual misuse of the process after it was issued for the purpose of obtaining a collateral objective (see Kaufman v Kaufman, 206 AD3d at 807; Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d at 1254; cf. Pagliarulo v Pagliarulo, 30 AD2d at 841). Although the plaintiffs adequately alleged facts demonstrating that FSC, Christiana Trust, and PennyMac Loan Services acted maliciously in commencing the foreclosure action, "[a] malicious motive alone . . . does not give rise to a cause of action [alleging] abuse of process" (Curiano v Suozzi, 63 NY2d 113, 117). Contrary to the plaintiffs' contention, the complaint, even when viewed in the light most favorable to them, did not allege facts sufficient to establish that FSC, Christiana Trust, and PennyMac Loan Services pursued the foreclosure action for a purported collateral objective relating to an unrecorded loan modification agreement.
Accordingly, the Supreme Court properly denied that branch of FSC's motion which was to dismiss the malicious prosecution cause of action insofar as asserted against it and that branch of the lender defendants' motion which was to dismiss that cause of action insofar as asserted against Christiana Trust and PennyMac Loan Services. However, the court should have granted that branch of FSC's motion which was to dismiss the abuse of process cause of action insofar as asserted against it and that branch of the lender defendants' motion which was to dismiss that cause of action insofar as asserted against Christiana Trust and PennyMac Loan Services.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court